CITIZENS ASSOCIATION FOR REASONABLE GROWTH OF WASHINGTON, N.C., BY R. EUGENE PERREY, CHAIRMAN, AND BILLY D. HILL, VICE CHAIRMAN; MELTON EVANS, VIRGINIA EVANS, ROBERT P. MACKENZIE, JACK MITCHELL, ALTON L. INGALLS, G. D. CURRIN, JESSE R. MAYO, ED BROWN, LEON DAVIDSON, LOUISE BRILEY, FRED MEECE, HERBERT ASKEW, DALE McWILLIAMS, D. S. SWAIN III, AND D. S. SWAIN, JR., Plaintiffs v. THE CITY OF WASHINGTON; JACK H. WEBB, CITY MANAGER; RICHARD W. TRIPP, MAYOR; LOUIS T. RANDOLPH, ABBOT N. SAWYER AND CARLOTTA C. MORDECAI, COUNCILPERSONS; PLUMMER A. DANIEL, CITY CLERK; AND THE BEAUFORT COUNTY BOARD OF ELECTIONS, O. J. GAYLORD, MARY VAN DORP AND G. T. SWINSON, MEMBERS, Defendants

No. 782SC593

No. 792SC365

(Filed 5 February 1980)

1. **Municipal Corporations § 39.3; Taxation § 11.1— errors in bond orders—statute of limitations**

   An action based on alleged errors in bond orders for water and sewer bonds was barred by the statute of limitations of G.S. 159-59 where the action was filed more than 30 days after publication of the bond orders.

2. **Municipal Corporations § 39.3; Taxation § 11.1— water and sewer bond election—errors in notice and ballot—due process**

   A water and sewer bond election did not violate due process because the published notice of the water bond election contained an erroneous reference to a "sanitary sewer bond issue" and the water bond ballot erroneously stated that the bond issue would not exceed "$1,500,00."

3. **Municipal Corporations § 39.3; Taxation § 11.1— water and sewer bond election—compliance with land use plan and government approval of project**

   The validity of a city water and sewer bond election would not be affected by the fact that the city might have to take steps to comply with a land use plan or get the approval of the state or federal government before constructing water and sewer facilities.

4. **Elections § 7; Municipal Corporations § 39.3; Taxation § 11.1— validity of water and sewer bond election—statute of limitations**

   Where no action was commenced to test the validity of a city water and sewer bond election within 30 days after newspaper publication of a sufficient statement of the election results, any claim to test the validity of the election was extinguished under G.S. 159-62, and the city could not revive the claim by again publishing the election results in a "Corrected Publication Statement of Result of Special Election."

APPEAL by plaintiffs from *Cowper, Judge* and *Peel, Judge.* Order entered 6 March 1978 and judgment entered 29 December

1978 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 29 November 1979.

This is an action challenging the validity of a bond referendum in the City of Washington. Plaintiffs alleged in detail the steps taken by the City of Washington to have a referendum to determine whether the City of Washington should issue $2,400,000.00 in bonds for the construction of sanitary sewer facilities and $1,500,000.00 in bonds for the construction of water facilities.

As a first claim for relief, plaintiffs alleged that the city published on 18 May 1977 and 25 May 1977 notices of the sewer bond election in which it was stated that an indebtedness of $2,400,000 would be incurred by the issuance of the sewer bonds. Plaintiffs further alleged that on 18 May 1977 the city published a notice entitled "Bond Order Authorizing the Issuance of $1,500,000 Water Bonds of the City of Washington" which in the body of the notice stated the bonds would be issued to construct sanitary sewer facilities. Plaintiffs alleged that this discrepancy invalidated the bond order on which the election was based.

As a second claim for relief, plaintiffs alleged that a copy of the bond order adopted by the City of Washington for the issuance of water bonds was not published in a qualified newspaper prior to the publication of the legal notice of the water bond election.

As a third claim for relief, plaintiffs alleged that the water bond election was invalid because the legal notice entitled "Bond Order Authorizing the Issuance of $1,500,000 Water Bonds of the City of Washington" which was published on 18 May 1977 stated the purposes of the bond order was to provide sanitary sewer facilities.

As a fourth claim for relief, plaintiffs alleged that the water bond election held on 30 June 1977 was invalid because the sample ballot published on 27 June 1977 in the *Washington Daily News* and the ballot used in the election stated the maximum amount of water bonds was to be $1,500,00.

As a fifth claim for relief, plaintiffs alleged that because of the numerous errors in publication and the error in the water

bond ballot, the election was invalid and any issuance of water bonds and levy of taxes to pay for these bonds would deprive the plaintiffs of due process of law.

As a sixth claim for relief, plaintiffs alleged that the City of Washington is proposing to issue the bonds for the construction of a project which will violate the Washington CAMA Land Use Plan and the Coastal Area Management Act of 1974. They alleged further that the City of Washington was planning to construct water and sewer facilities as part of a waste management plan that had not yet been approved by the State of North Carolina or the Federal Environmental Protection Agency and until the plan is approved, the bonds cannot be legally issued.

Defendants filed a motion to dismiss and on 6 March 1978, Judge Cowper dismissed all the claims for relief except the Fourth Claim. From this order the plaintiffs appealed. On 22 November 1978 defendants filed a motion to dismiss for the plaintiffs' failure to join the City of Washington, a necessary party. Defendants also filed a motion for summary judgment as to the Fourth Claim for Relief on that same date. Plaintiffs subsequently moved to amend the complaint to make the City of Washington an additional party defendant. On 29 December 1978, Judge Peel signed a judgment denying the plaintiffs' motion to make the City of Washington a party defendant and granting the motion to dismiss the Fourth Claim for Relief. Judge Peel also allowed defendants' motion for summary judgment. Plaintiffs appealed from the judgment of Judge Peel.

*Frassineti, Younger and Glover, by Gayle S. Younger, for plaintiff appellants.*

*McMullan and Knott, by Lee E. Knott, Jr., for defendant appellees.*

WEBB, Judge.

[1] This case brings to the Court two separate appeals. We consider first the appeal from the judgment of Judge Cowper dismissing all except the plaintiffs' Fourth Claim for Relief. The first three claims for relief are based on alleged errors in the bond orders as adopted by the Council of the City of Washington. These orders were adopted pursuant to G.S. 159-54. On 18 May

1977 the City Clerk of the City of Washington published the bond orders for both the water bonds and the sewer bonds pursuant to G.S. 159-58. G.S. 159-59 provides:

> Any action or proceeding in any court to set aside a bond order, or to obtain any other relief, upon the ground that the order is invalid, must be begun within 30 days after the date of publication of the bond order as adopted. After the expiration of this period of limitation, no right of action or defense based upon the invalidity of the order shall be asserted, nor shall the validity of the order be open to question in any court upon any ground whatever, except in an action or proceeding begun within the period of limitation prescribed in this section.

The action to test the validity of the bond orders by the first three claims for relief was filed on 19 August 1977, more than 30 days after the publication of the bond orders. The first three claims for relief are barred by the statute of limitation contained in G.S. 159-59.

[2] The plaintiffs' Fifth Claim for Relief is based on constitutional grounds. They allege that the errors in the procedure for the conduct of the election were so substantial that the election was invalid and the issuance of the bonds pursuant to the election deprives them of due process of law. The irregularities of which plaintiffs complain consisted of the published notice of the water bond election referring, in the body of the notice, to a sanitary sewer bond issue, and the error in the water bond ballot which said the bond issue would not exceed $1,500,00. In their briefs, plaintiffs do not say how the failure to comply with a statute rises to a due process question. We can see no reason why due process is violated. We hold that Judge Cowper was correct in dismissing the Fifth Claim for Relief.

[3] In the plaintiffs' Sixth Claim for Relief, they allege that the defendants planned to use the money from the bond issue in such a way that it would violate the Washington CAMA Land Use Plan and the Coastal Area Management Act of 1974. They also allege the City of Washington is participating in the formation of a waste treatment management plan which has not yet received the required approval of the State of North Carolina and the Federal Environmental Protection Agency. They allege that the

bonds should not be issued until the deficiencies are corrected. This is an action to test the validity of two bond elections. The fact that the city might have to take some steps to comply with a land use plan or get the approval of the state or federal government should not affect the validity of the election. Judge Cowper properly dismissed the Sixth Claim for Relief.

We affirm the judgment of Judge Cowper dismissing all plaintiffs' claims for relief except the Fourth Claim.

[4] We turn next to the order of Judge Peel dismissing the plaintiffs' Fourth Claim for Relief and granting defendants' motion for summary judgment. This claim for relief is based on the allegation that the sample water bond ballot and the ballots used in the election stated that the bonds issued would not exceed $1,500,00. Plaintiffs contend this voids the water bond election. On 13 July 1977 the results of the election were published in the *Washington Daily News* as required by G.S. 159-61. On 22 July 1977 the results of the election were again published in the *Washington Daily News* entitled "Corrected Publication Statement of Result of Special Election Held in the City of Washington on June 30, 1977." This action was commenced on 19 August 1977. G.S. 159-62 provides:

> Any action or proceeding in any court to set aside a bond referendum, or to obtain any other relief, upon the ground that the referendum is invalid or was irregularly conducted, must be begun within 30 days after the publication of the statement of the results of the referendum. After the expiration of this period of limitation, no right of action or defense based upon the invalidity of or any irregularity in the referendum shall be asserted, nor shall the validity of the referendum be open to question in any court upon any ground whatever, except in an action or proceeding begun within the period of limitation prescribed in this section.

The question posed by the appeal as to the Fourth Claim for Relief is whether the statute of limitations begins to run from the date of the first publication or the date of the second publication. If it began to run from the first publication, the plaintiffs are barred. If it ran from the second, they are not. We hold that it ran from the first publication. The appellants do not question the sufficiency of the first notice. If the second notice had not been

published, there would be no question that the claim would be barred. The wording of G.S. 159-62 is persuasive that the City of Washington cannot start the statute running anew by publishing the notice a second time. It says the action "must be begun within 30 days after the publication . . . ." It says further that after the 30-day period, "no right of action . . . shall be asserted, nor shall the validity of the referendum be open to question in any court upon any ground whatever . . . ." This statute is different from most statutes of limitation. Ordinarily a statute of limitation does not extinguish a claim. It merely serves as a bar to the prosecution of the claim. *See Shearin v. Lloyd,* 246 N.C. 363, 98 S.E. 2d 508 (1957) and *Congleton v. City of Asheboro,* 8 N.C. App. 571, 174 S.E. 2d 870 (1970). As we read G.S. 159-62, by providing actions "must be begun" within the prescribed period, "no right of action . . . shall be asserted" and the "validity of the referendum" shall not be questioned after the prescribed period, this statute provides any claim not prosecuted within 30 days of the date of publication is extinguished. When the notice was published on 13 July 1977 and no action was commenced within 30 days to test the validity of the election, any claim to contest the validity was extinguished under G.S. 159-62. The City of Washington could not, by readvertising, revive a claim that was extinguished by operation of law. We affirm the order of Judge Peel which dismissed the plaintiffs' Fourth Claim for Relief and granted summary judgment for defendant.

Affirmed.

Judges VAUGHN and MARTIN (Harry C.) concur.