FANNY C. ANDREWS v. LEE D. ANDREWS AND CHESTNUT ASSOCIATES, INC.

No. 8518DC511

(Filed 4 February 1986)

**1. Adoption § 4— action for divorce—claim for fraudulent adoption—dismissed**

The trial court did not err in an action for divorce and equitable distribution by dismissing defendant husband's claim of "fraudulent adoption" involving a child of plaintiff born before the marriage. Adoption is not merely a contractual relation for the purpose of child support and the final order of adoption terminated whatever rights and obligations the natural father had, with defendant assuming all parental obligations. N.C.G.S. 48-15, N.C.G.S. 48-23, N.C.G.S. 48-28.

**2. Divorce and Alimony § 30— equitable distribution—all factors for unequal distribution not expressly addressed—no error**

The trial court did not err in an action for equitable distribution by not expressly addressing all of the factors listed in N.C.G.S. 50-20(c) before making an unequal distribution where the record as a whole reflects a conscientious effort by the trial court to address the relevant factors. An unequal distribution

Andrews v. Andrews

is not reversible simply because it fails to expressly address every factor listed in N.C.G.S. 50-20(c).

**3. Divorce and Alimony § 30— equitable distribution—consideration of year old financial statements as current—no error**

The trial court did not err in an action for equitable distribution by considering as current in a hearing in November 1984 financial statements dated November 1983 where defendant did not object at the hearing, defendant did not identify any substantial changes in financial circumstances since November 1983, the evidence reflected substantial income for both parties over a period of years, and statements of financial condition used in the courtroom cannot always be absolutely current, particularly with tax returns. N.C.G.S. 50-20(c)(1).

**4. Divorce and Alimony § 30— equitable distribution—unequal distribution—no error**

The trial court did not err in an action for equitable distribution by making an unequal distribution where it found that an equal distribution would not be equitable, relying on the custody, household services and difficulty of evaluation factors. A finding that a single factor supported an unequal distribution would be within the court's discretion if supported by the evidence; defendant here did not except to the court's findings and they are not reviewable. App. Rule 10(b)(2).

**5. Divorce and Alimony § 30— equitable distribution—beach house not considered as marital property—no error**

The trial court did not err in an action for equitable distribution by not considering a beach house the couple had deeded to their children as marital property and by failing to join the children as parties where defendant never moved to join the children, never introduced any evidence of the existence of the beach house other than vague and conclusory allegations, and the beach house was not identified as marital property in the pretrial order or in defendant's own proposal for equitable distribution.

**6. Divorce and Alimony § 30— equitable distribution—stock awarded to wife—no error**

The trial court did not err in an action for equitable distribution by awarding plaintiff stock in a fast-food franchise where the stock did not involve the marital home or property of great sentimental value, all of the evidence was that defendant refused to deal with the corporation in a reasonable manner, defendant assigned the stock a value of zero, and plaintiff expressed an active interest in rebuilding and managing the corporation. N.C.G.S. 50-20(c)(4).

APPEAL by defendant and plaintiff from *Daisy, Judge.* Judgment entered 13 December 1984 in District Court, GUILFORD County. Heard in the Court of Appeals 18 November 1985.

This is an action for divorce and equitable distribution. Plaintiff wife originally filed an action for divorce from bed and board,

child custody, alimony, support and other relief in 1982. Defendant husband (the corporate defendant is only nominally involved in this appeal; all references hereafter to "defendant" refer to Lee D. Andrews) denied the allegations of the complaint and counterclaimed for child custody. He later filed a complaint for absolute divorce, seeking equitable distribution of marital property and relief from an adoption decree. By the adoption decree, defendant husband became father of plaintiff's child born before their marriage; one other child was born to the couple during the marriage. Following entry of the absolute divorce decree, the court dismissed defendant's claim for "fraudulent adoption" and entered a judgment of equitable distribution. Defendant appealed, and plaintiff cross-appealed.

*Smith Moore Smith Schell & Hunter, by Vance Barron, Jr., for plaintiff.*

*W. Steven Allen for defendant.*

EAGLES, Judge.

Defendant brings forward five assignments of error. Plaintiff appeals conditionally, solely to protect herself in the event this court reverses the judgment entered. Since we affirm the judgment, we consider only defendant's assignments.

I

[1] Defendant first assigns error to the order dismissing his claim of "fraudulent adoption." It is not clear just what relief defendant sought by this claim: he asked the court to "give [him] judgment for breach of contract promise related to the adoption" and to order that the natural father be required to support his own child. Defendant did not seek to have his adoption of the child set aside. In any event the provisions of G.S. 48-28 would prevent a collateral attack by defendant on the adoption, since he was a party to the proceeding. *See* G.S. 48-15. The final order of adoption terminated whatever rights and obligations the natural father had, and defendant assumed all parental obligations. G.S. 48-23. Adoption is not, as defendant appears to contend, merely a contractual relation for the purposes of child support, but is a solemn and complete legal substitution of parents. *Crumpton v. Mitchell,* 303 N.C. 657, 281 S.E. 2d 1 (1981); 2 Am. Jur. 2d Adop-

tion Section 83 (1962). *Lowe v. Clayton*, 264 S.C. 75, 212 S.E. 2d 582 (1975), cited by defendant, is distinguishable, since it involved an attack by a non-party natural parent who had allegedly consented to adoption by the party defendants. This assignment is overruled.

## II

[2] The equitable distribution litigation over property was extensive and complicated. In view of the intricate finances of the parties, the court found that it could not make a mathematically equal division of their property. To the extent that an unequal division occurred, the court concluded that any extra should go to plaintiff. The court found elsewhere that an equal distribution would be inequitable, because defendant had greater earning potential, because plaintiff had custody of both minor children, and because of plaintiff's services as homemaker and caretaker. (Both plaintiff and defendant work outside the home, plaintiff as an employee of the federal Department of Housing and Urban Development, and defendant as an attorney.) Defendant assigns error, arguing that the court failed to consider all of the factors which are required to be considered in making an unequal distribution, G.S. 50-20(c), and that the findings made do not support an unequal distribution. Plaintiff argues that the division was in fact roughly equal, and that in any event the court adequately considered the statutory factors.

## A

The legislature has committed the distribution of marital property to the discretion of the trial court. G.S. 50-20(c); *White v. White*, 312 N.C. 770, 324 S.E. 2d 829 (1985). Our review of those decisions is limited to determining whether the court clearly abused its discretion. *Id.*; *Clark v. Clark*, 301 N.C. 123, 271 S.E. 2d 58 (1980). In making a distribution of marital property, the trial judge must make sufficient findings to indicate what was considered in arriving at the distribution. *See Quick v. Quick*, 305 N.C. 446, 290 S.E. 2d 653 (1982). A discretionary order of equitable distribution must be accorded great deference. We should reverse it only if the appellant demonstrates that the findings are so inadequate that the order could not have been the result of a reasoned decision. *White v. White, supra.*

Upon application for a distribution of marital property, the court must divide the property equally, unless the court determines that an equal division would be inequitable. *Id.* In its findings the court need not address the factors listed in G.S. 50-20(c) if it makes an equal distribution. *Loeb v. Loeb*, 72 N.C. App. 205, 324 S.E. 2d 33, *disc. rev. denied*, 313 N.C. 508, 329 S.E. 2d 393 (1985). The party desiring an unequal division of marital property assumes the burden of showing one or more of the listed factors. *White v. White, supra.* The language of the statute, "shall consider," G.S. 50-20(c), suggests that where the court orders other than an equal distribution, it must make findings with respect to each factor, and this court apparently has applied that rule. *Alexander v. Alexander*, 68 N.C. App. 548, 315 S.E. 2d 772 (1984). It is clear, however, that not every factor will necessarily have relevance to every case, *e.g.* those dealing with children of prior marriages or contributions to education or career development. *Compare* G.S. 50-16.5(a) (list of universally relevant factors); *see Quick v. Quick, supra* (all factors in G.S. 50-16.5(a) must be addressed in findings). In light of the lack of universal relevancy, the applicable burden of proof and the standard of our review, it is clear that an order is not reversibly erroneous simply because it fails to expressly address every factor listed in G.S. 50-20(c). We reached this result implicitly in *Patton v. Patton*, 78 N.C. App. 247, --- S.E. 2d --- (filed: 17 December 1985) (affirming judgment making explicit findings only as to seven of twelve factors).

Our general law governing appeals supports this conclusion. Error alone will not justify reversal; the error must affect some substantial right of the appellant. G.S. 1A-1, R. Civ. P. 61. Mere formal defects in findings ordinarily will be ignored if the substance of the judgment is sufficient. *Harrelson v. State Farm Mut. Auto. Ins. Co.*, 272 N.C. 603, 158 S.E. 2d 812 (1968) (court submitted issues to itself; harmless error); *Ludwig v. Walter*, 75 N.C. App. 584, 331 S.E. 2d 177 (1985) (unnecessary finding simply disregarded). The failure to make certain findings, even when specifically requested, does not rise to the level of reversible error if the requested findings are not material. *Anderson v. Allstate Ins. Co.*, 266 N.C. 309, 145 S.E. 2d 845 (1966). Especially in light of the conclusive nature of stipulations, *Gregory v. Cothran*, 262 N.C. 745, 138 S.E. 2d 634 (1964), and the binding effect of pretrial

orders, G.S. 1A-1, R. Civ. P. 16, failure to find facts stipulated to in a pretrial order can hardly be prejudicial. *See Helis v. Usry,* 464 F. 2d 330 (5th Cir. 1972) (failure to find facts on issues not raised in pretrial order not reversible error). With these principles in mind, we now address defendant's specific contentions.

B

Defendant argues that the court erred in failing to consider all the statutory factors listed in G.S. 50-20(c). As noted above, the fact that individual findings were not made in the judgment as to each factor is not in and of itself reversible error. Defendant, with one exception, directs us to no specific evidence supporting a factor which the trial court allegedly ignored. Some factors were not relevant (there were no identified contributions to increases in value of separate property, no identified contributions to education or career development, and there were no support obligations from prior marriages). Many of the other factors (tax consequences, pension rights, age and health, etc.) were the subject of stipulations.

The court made specific findings with regard to the remaining factors. For example, the court specifically found that certain business property awarded to defendant was difficult to evaluate. G.S. 50-20(c)(10). It assigned the property a net value of $5,000 although there was an independent appraiser's report that the building was worth $65,000, minus an undisputed balance due on a deed of trust of $17,000. The error, if any, favored defendant.

The trial court specifically found that plaintiff had custody of the minor children. G.S. 50-20(c)(4). Defendant himself testified that he wanted plaintiff to have the homeplace with its larger equity. The evidence was undisputed that plaintiff had responsibility for the household, including expenses, through the marriage and following the separation.

The trial court devoted substantial attention to the parties' real property holdings, determining their net value but finding that many of them were subject with other parcels to a deed of trust in an amount greater than the value of any single parcel. In addition, the court found that defendant's business property could not be readily marketed. These findings reflect consideration of the nonliquid character of this property. G.S. 50-20(c)(9).

Without elaborating further, the record as a whole reflects a conscientious effort by the trial court to address the relevant factors listed by G.S. 50-20(c). The fact that not every statutory factor was explicitly addressed in the judgment itself is not reversible error.

C

[3] The one factor pointed to specifically by defendant as having been omitted is that the court failed to consider the "income, property, and liabilities of each party at the time the division of property is to become effective." G.S. 50-20(c)(1). He argues that the financial statements dated November 1983 furnished to the court did not provide current financial information as of the date of hearing, November 1984. The financial statements were described as "current" in the pretrial order filed at the beginning of the hearing. To the extent that they were not accurate, defendant should have brought this to the court's attention at the hearing.

Particularly with tax returns, which are usually filed annually, statements of financial condition used in the courtroom cannot always be absolutely current. Many returns, filed in April, *even at filing* reflect a time lag of over three months. That problem does not bar their use as evidence of current financial condition, however, and this court has affirmed judgments accordingly. For example, in *Berger v. Berger*, 67 N.C. App. 591, 313 S.E. 2d 825, *disc. rev. denied*, 311 N.C. 303, 317 S.E. 2d 678 (1984), we affirmed a finding of financial condition made in February 1983, based on 1981 tax returns and the absence of any showing by the defendant of subsequent unusual financial expenditures or other unusual circumstances. *See also* 2 H. Brandis, N.C. Evidence Section 237 (1982) (inference that established state of facts will continue). The evidence reflected substantial income for both parties over a period of years. Defendant did not object at hearing that the financial statements were irrelevant, nor did he identify any substantial changes in financial circumstances since November 1983. On this record, we must conclude that the court acted properly in its consideration of the parties' current financial condition, and that its findings were therefore correct.

D

[4] Defendant argues that the court's findings did not suffice to support its decision to make an unequal distribution. The Su-

preme Court held in *White v. White, supra,* that a party seeking an unequal division must produce evidence of *one or more* of the factors in G.S. 50-20(c). The trial court, *in its discretion,* assigns each factor the particular weight appropriate for that factor in the given case. 312 N.C. at 776-77, 324 S.E. 2d at 832-33. As we read *White,* then, a finding that a single factor supported an unequal distribution, if supported by the evidence, would be within the court's discretion and upheld on appeal. *See State v. Baucom,* 66 N.C. App. 298, 311 S.E. 2d 73 (1984) (analogous result under similar provisions of Fair Sentencing Act). For example, a finding that one party suffered chronic disability arising during the marriage, while the other was young and healthy, might in an appropriate case support a discretionary distribution grossly in favor of the disabled party. *See* G.S. 50-20(c)(3).

Here, the court found that an equal distribution would not be equitable, relying on the custody, household services, and difficulty of evaluation factors. Defendant did not except to the findings that these factors existed; accordingly, they are not reviewable here. App. R. 10(b)(2). *See State v. Harrington,* 78 N.C. App. 39, 336 S.E. 2d 852 (1985) (once sufficient evidence of aggravating factor introduced, decision of fact finder to find factor not reviewable). These findings support the court's discretionary decision to make an unequal distribution. *White v. White, supra.* This argument is also without merit, and these assignments are overruled.

### III

[5] Defendant next argues that the court erred in failing to consider a beach house the couple had deeded to their children as marital property, and in failing to join the children as parties. Defendant never moved to join the children as parties, however, and never introduced any evidence of the existence of the beach house other than vague and conclusory allegations. The beach house was not identified as marital property in the pretrial order or in defendant's own proposal for equitable distribution. Under the circumstances, we discern no error.

### IV

[6] Finally, defendant argues that the court erred in awarding plaintiff stock in a fast-food franchise. The parties stipulated that the property was marital property. Once property has been prop-

erly designated marital property and valued, and the court has decided in what proportions its value should be divided, there appears to be no other guide than the discretion and good conscience of the trial judge in determining which party gets which specific property. An exception might arise with regard to the marital home, G.S. 50-20(c)(4), or in cases of property of great sentimental value, 24 Am. Jur. 2d Divorce & Separation Section 904 (1983), but that is not the situation here. Defendant has failed to show that the court abused its discretion in awarding this marital property to plaintiff. In fact, all the evidence, including the testimony of the only other stockholder, was that defendant refused to deal with the corporation in a reasonable manner. Defendant himself assigned the stock a value of zero, while plaintiff expressed an active interest in rebuilding and managing the corporation. Defendant should not now complain of its disposition; the assignment is overruled.

## CONCLUSION

Defendant has abandoned his remaining assignments of error. App. R. 28(b)(5). Defendant has failed to show that the trial court abused its discretion in evaluating and dividing the marital property. The trial judge, faced with a mass of conflicting evidence, made a commendable, diligent effort to arrive at, and did arrive at, a fair and roughly equal distribution of marital property. We therefore affirm the judgment.

Affirmed.

Chief Judge HEDRICK and Judge MARTIN concur.