WIENECK-ADAMS v. ADAMS

[104 N.C. App. 621 (1991)]

---

KATHLEEN WIENECK-ADAMS, PLAINTIFF v. ROY REX ADAMS, DEFENDANT

No. 9113DC290

(Filed 3 December 1991)

**Divorce and Separation § 161 (NCI4th)— equitable distribution— waiver of child support—payment of marital debt**

The trial court did not abuse its discretion in an action for divorce and equitable distribution by awarding defendant the marital home in exchange for his payment of the marital debt to the IRS. The trial court heard evidence as to the informal agreement of the parties, including plaintiff's contention that payment of back taxes was in return for waiver

of child support, and nonetheless awarded defendant the deed to the house. In the absence of a separation agreement, nothing in the statute requires the trial court to take a waiver of child support into account in calculating an equitable distribution. Insofar as the court apparently sought to make as equal a division as possible, the court is not required to make further findings of fact to support its distribution.

**Am Jur 2d, Divorce and Separation §§ 903, 923, 930, 1018, 1024.**

**Divorce: equitable distribution doctrine. 41 ALR4th 481.**

**Divorce and separation: effect of trial court giving consideration to needs of children in making property distribution—modern status. 19 ALR4th 239.**

**Spouse's acceptance of payments under alimony or property settlement or child support provision of divorce judgment as precluding appeal therefrom. 29 ALR3d 1184.**

Judge COZORT dissents.

APPEAL by plaintiff from order entered 26 September 1990 by *Judge D. Jack Hooks, Jr.* in BRUNSWICK County District Court. Heard in the Court of Appeals in special session in Wilmington on 16 October 1991.

*Shipman and Lea, by James W. Lea, III, for plaintiff-appellant.*

*David P. Ford for defendant-appellee.*

LEWIS, Judge.

Plaintiff instituted this action on 28 July 1988, seeking an absolute divorce, equitable distribution of marital property, child custody and child support. Plaintiff subsequently dismissed her claim for child support. Plaintiff obtained an absolute divorce from the defendant on 2 March 1989. At the time of their separation the most significant asset was a marital home with a net equity of $11,394.71, and the most significant debt taxes due for the year 1981 in the amount of $11,964.28 and for the year 1982 in the amount of $11,078.42. After a trial on the issue of equitable distribution, the trial court granted the marital home to the defendant and noted his payment of the joint marital debt to the Internal Revenue Service.

WIENECK-ADAMS v. ADAMS

[104 N.C. App. 621 (1991)]

Plaintiff assigns as error the trial court's granting the marital home to the defendant in exchange for his payment of the marital debt. Plaintiff argues that she dismissed the claim for child support pursuant to an unwritten agreement that the defendant would, in consideration, pay all back taxes. At trial defendant contended that under the agreement he also received plaintiff's interest in the marital home. The plaintiff presented evidence that this was not the case and now argues that the trial court's award of plaintiff's interest in the home to the defendant results in an inequitable distribution of the marital property.

Our review of equitable distribution orders is limited to determining whether the court clearly abused its discretion. *Andrews v. Andrews*, 79 N.C. App. 228, 231, 338 S.E.2d 809, 812 (1986), *disc. rev. denied*, 316 N.C. 730, 345 S.E.2d 385 (1986). A discretionary order of equitable distribution must be accorded great deference. *Id.* The trial court heard evidence as to the informal agreement of the parties, including the plaintiff's contention that payment of back taxes was in return for waiver of child support, and nonetheless awarded defendant the deed to the house. The trial judge's discretion is to be upheld unless it fails to comply with the requirements of the statute, N.C.G.S. § 50-20(c). In the absence of a separation agreement, nothing in the statute requires the trial court to take a waiver of child support into account in calculating an equitable distribution. To the contrary, the determination of child support is to be made separately from that of equitable distribution. N.C.G.S. § 50-20(f) states that: "The court shall provide for an equitable distribution without regard to . . . support of the children of both parties." Having heard the plaintiff's testimony, the trial judge, in his discretion, declined to take the waiver of child support into account in determining the distribution. In recognition of the fact that the defendant had paid off a joint debt of $23,042.70, the court awarded the defendant the deed in the house, which had $11,394.71 in equity.

Plaintiff argues on appeal that the trial court failed to make clear findings of fact to justify its unequal distribution. Insofar as the court apparently sought to make as equal a division as possible, the court is not required to make further findings of fact to support its distribution. *Weaver v. Weaver*, 72 N.C. App. 409, 417, 324 S.E.2d 915, 920 (1985).

The order of the trial court is therefore,

Affirmed.

Judge ARNOLD concurs.

Judge COZORT dissents.

Judge COZORT dissenting.

I believe the trial court's order cannot stand, and I vote to reverse the order and remand the cause for further proceedings.

The trial court found and concluded that "an equal distribution is equitable." The court then awarded plaintiff marital property worth $2,450.00. The trial court then awarded defendant marital property worth $13,844.74, with the difference in the two awards being the net equity in the house, which was awarded to the defendant. Obviously, awarding the defendant $11,394.74 more than the plaintiff is not equal, is inconsistent with the trial court's determination that the division of the marital property should be equal, and is reason enough to reverse the trial court's order and remand the cause to the trial court for further proceedings.

However, even if we were somehow able to get beyond this obvious internal inconsistency in the trial court's order and proceeded to review the trial court's discretion in deciding to give the defendant the house and the plaintiff virtually nothing, we must find that the trial court abused its discretion. The evidence indicates that when the parties separated, they agreed that plaintiff would have custody of the children, that defendant would pay off the $23,042.70 debt to the IRS, and that plaintiff would not demand child support from defendant while defendant was paying off the debt to the IRS. By giving defendant credit for paying plaintiff's half of the IRS debt, while at the same time giving plaintiff no credit for not pursuing a claim for child support of more than $24,000.00 against the defendant, the trial court has given the defendant double credit by awarding him all the value of the house. That kind of double credit is an abuse of discretion, and we should not let it stand. I must dissent.