MICHELE N. MROZEK (GARDNER), Plaintiff v. EDWARD MROZEK, Jr., Defendant

No. COA97-315

(Filed 17 March 1998)

**1. Divorce and Separation § 147 (NCI4th)— equitable distribution—marital debt—possible statute of limitations defense**

The trial court erred in an equitable distribution action by finding that a marital debt owed to defendant's parents had no value as of the date of separation because it was not legally enforceable due to the running of the statute of limitations with no payments and no acknowledgment of the debt. There is no evidence that defendant intends to assert a statute of limitations defense to the collection of the debt and the unequivocal inference is that he would not do so. Any concerns the trial court may have with respect to the fact that this marital debt is owed to defendant's parents or that defendant is the sole signatory and may have an affirmative defense to repayment are more properly treated as distributional factors.

**2. Divorce and Separation § 137 (NCI4th)— equitable distribution—valuation of marital home—date of separation**

The trial court did not abuse its discretion in an equitable distribution action by valuing the marital home as of the date of separation where defendant contended that there was evidence that the value was higher at the time of trial. Defendant's argument was that plaintiff had secured a loan based on a higher appraisal value and that insurance coverage had been specified by an insurance company at a higher value. However, the loan was obtained two years after the separation, five months after the hearing, and the month before the judgment was signed, and the lender chose the appraiser and the witness at the hearing. The trial court found that plaintiff's witness had extensive experience at appraisals and qualified as an expert and was well within its discretion in choosing this witness's separation date appraisal figure.

**3. Divorce and Alimony § 165 (NCI4th)— equitable distribution—distributive award—interest**

The trial court did not err by failing to award interest on a distributive award in an equitable distribution proceeding. The deci-

sion of whether to order the payment of interest on a distributive award is within the discretion of the trial judge.

**4. Divorce and Alimony § 180 (NCI4th)— equitable distribution—distributive award—findings—too general**

A distributive award in an equitable distribution proceeding was remanded where the finding of fact that the court had considered and weighed all of the evidence relating to the distributional factors was too general for effective appellate review.

**5. Trial § 540 (NCI4th)— equitable distribution—motion for new trial—material misrepresentations and new evidence**

The trial court did not abuse its discretion by denying defendant's motions for a new trial or to amend the judgment in an equitable distribution action where defendant contended that there was new evidence and that plaintiff had made material misrepresentations. The alleged misrepresentation was a loan application and appraisal made five months after trial which was irrelevant to the court's determination, the appraiser was selected by the credit union, not plaintiff, plaintiff did not know that the appraiser would be appraising the property in the future, and the evidence was not new as the loan appraiser testified as an expert for defendant at trial.

**6. Divorce and Separation § 161 (NCI4th)— equitable distribution—unequal distribution—no abuse of discretion**

The trial court did not abuse its discretion by making an unequal distribution of marital property in an equitable distribution action where the court determined that the plaintiff had established five grounds for an unequal distribution, the findings were supported by competent evidence, and the trial court's consideration of which party had custody of the parties' children related to the need of plaintiff to occupy the marital residence, a proper consideration.

Judge GREENE concurring.

Appeal by defendant from orders entered 5 June 1996 and 12 July 1996 by Judge James R. Fullwood in Wake County District Court. Heard in the Court of Appeals 6 January 1998.

The plaintiff and defendant were married on 20 August 1977, separated on 31 May 1994, and divorced on 9 June 1995. An equitable dis-

tribution hearing was held on 11 December 1995 and the court entered judgment on 5 June 1996.

The parties' primary asset was the marital residence located in New Hill, North Carolina. At the time of the equitable distribution hearing, plaintiff resided there with the parties' two minor children. The parties presented conflicting evidence at trial as to the value of the residence. The court valued the home at $199,700.00 as of 31 May 1994, the date of separation, and at $210,000.00 as of 11 December 1995, the date of trial.

Defendant introduced evidence at trial that the parties borrowed $25,000.00 from the defendant's parents and he signed an unsecured promissory note to his parents on 28 October 1986. The money was used to pay some of the cost of constructing the marital residence. Defendant testified that he did not discuss the loan with plaintiff or ask her to co-sign the note. The note was not signed by plaintiff. No payments have ever been made to the defendant's parents to satisfy the note. The amount due on the note at separation was $45,961.48 including interest. Defendant testified at trial that the loan was a valid debt and that he intended to repay it with interest under the terms of the note. The court found that the debt had been a marital debt, but of no value as of the date of separation. The court determined that the note was no longer enforceable because of the running of the statute of limitations.

The trial court concluded that an unequal division of the marital property in favor of plaintiff was equitable and awarded plaintiff $62,802.45 and the defendant $47,377.29 from the net marital estate. To facilitate the distribution, the court divided the assets and debts of the estate so that plaintiff received $79,708.19 and defendant $30,471.55 in assets, and ordered plaintiff to pay a distributive cash award of $16,905.74 to the defendant.

The defendant moved to amend the judgment and for new trial on 14 June 1996. Defendant asserted as grounds for the motions that there was newly discovered evidence which the defendant could not have discovered and produced at trial and that the plaintiff by her evidence at the hearing had misled the court and misrepresented the facts. The court denied the motions on 12 July 1996. Defendant appeals.

MROZEK v. MROZEK

[129 N.C. App. 43 (1998)]

*Law Offices of Mark E. Sullivan, P.A., by Mark E. Sullivan and Nancy L. Grace, for the plaintiff-appellee.*

*Robert T. Hedrick for defendant-appellant.*

EAGLES, Judge.

[1] We first consider whether the trial court erred in finding that the marital debt owed to defendant's parents had no value as of the date of separation because it was not legally enforceable because of the running of the statute of limitations period with no payments and no acknowledgment of the debt. In an equitable distribution action "the trial court is required to classify, value and distribute, if marital, the debts of the parties to the marriage." *Miller v. Miller,* 97 N.C. App. 77, 79, 387 S.E.2d 181, 183 (1990) (citing *Byrd v. Owens,* 86 N.C. App. 418, 424, 358 S.E.2d 102, 106 (1987)). Plaintiff argues that in determining the value of a marital debt, consideration of its legal enforceability is essential. Defendant contends that the court was without jurisdiction to make a determination as to the enforceability of the promissory note. Defendant argues that the defense of statute of limitations is an affirmative defense available only by answer and can only be raised against the holder of the promissory note and could not be pled against the defendant. Accordingly, defendant contends that once the debt was found by the trial court to be a marital debt it should have been distributed in the judgment. After careful consideration of the record, briefs and contentions of both parties, we reverse.

The promissory note at issue here was not under seal and was subject to a three year statute of limitations. G.S. 1-52(1). The note does not state a fixed date or definite time of payment and is therefore payable on demand. G.S. 25-3-108. "The statute of limitations on an action on a promissory note payable on demand begins to run from the date of the execution of the note." *Wells v. Barefoot,* 55 N.C. App. 562, 566, 286 S.E.2d 625, 627 (1982) (citations omitted). No payment had been made on the note. Accordingly, the statute of limitations began to run when the note was executed on 28 October 1986.

The running of the statute of limitations, however, does not extinguish a debt, but instead provides a defense to its collection. *See Citizens Ass'n for Reasonable Growth of Washington, N. C. v. City of Washington,* 45 N.C. App. 7, 12, 262 S.E.2d 343, 346, *cert. denied,* 300 N.C. 195, 269 S.E.2d 622 (1980). Indeed, a debtor's failure to assert the statute of limitations constitutes a waiver of that defense. *Miller v. Talton,* 112 N.C. App. 484, 487, 435 S.E.2d 793, 796 (1993).

MROZEK v. MROZEK

[129 N.C. App. 43 (1998)]

In this case, the trial court found the note representing a loan from defendant's parents to be a marital debt. The trial court further found as fact that defendant "acknowledged that he owed the money due under the terms of the promissory note and he was obligated to pay his mother under the terms of the promissory note," and defendant's mother "expected repayment." On this record, therefore, there is no evidence that defendant intends to assert a statute of limitations defense to the collection of the debt; the unequivocal inference is that he would not do so. Accordingly, the debt was enforceable and the trial court erred in ruling otherwise. Because there is no dispute as to the amount due on the debt at the time of separation, $45,961.48, on remand the debt must again be similarly valued.

Plaintiff additionally argues that " 'loans from close family members must be closely scrutinized for legitimacy.' " *Geer v. Geer*, 84 N.C. App. 471, 475, 353 S.E.2d 427, 430 (1987) (quoting *Allen v. Allen*, 287 N.C. 501, 507, 339 S.E.2d 872, 876 (1986). However, any concerns the trial court may have with respect to the fact that this marital debt is owed to defendant's parents or that defendant is the sole signatory and may have an affirmative defense to repayment are more properly treated as distributional factors. *See* G.S. 50-20(c)(12) (requiring the trial court to consider "[a]ny other factor which the court finds to be just and proper" in making an equitable distribution). Accordingly, the order of the trial court is reversed and remanded for the valuing of this debt and the entry of a new distributional order.

[2] We next consider whether the trial court erred in its finding concerning the fair market value of the marital residence. Defendant claims that the trial court abused its discretion in valuing the marital home as of the date of separation, 31 May 1994, at $199,700.00 because there was evidence that the value of the marital home at separation was $245,000.00 and $250,000.00 at the time of trial. Defendant argues that plaintiff secured a loan in May 1996 based on an appraisal value of $250,000.00, and that plaintiff would not have made application for a loan of $225,000.00 on 19 April 1996 unless plaintiff believed that the property had a value of $250,000.00. Defendant also argues that insurance coverage on the house was and had been $248,000.00 and that this coverage had been specified by the insurance company, not by the parties. Accordingly, defendant contends that with this evidence before the court it was an abuse of discretion for the trial court to find that the value of the residence at separation was $199,700.00. We note that the loan was obtained two years after separation, five months after the hearing and the month

before judgment was signed. We also note that plaintiff's lender chose the appraiser and that defendant's witness at the hearing was the lender's choice. We are not persuaded that the trial court abused its discretion in valuing the marital residence as of the date of separation, two years earlier.

In *Lawing v. Lawing*, 81 N.C. App. 159, 344 S.E.2d 100 (1986) we stated that:

> The General Assembly has committed the distribution of marital property to the discretion of the trial courts, and the exercise of that discretion will not be disturbed in the absence of clear abuse. Accordingly, the trial court's rulings in equitable distribution cases receive great deference and may be upset only if they are so arbitrary that they could not have been the result of a reasoned decision. The trial court's findings of fact, on which its exercise of discretion rests, are conclusive if supported by any competent evidence. The mere existence of conflicting evidence or discrepancies in evidence will not justify reversal.

*Id.* at 162, 344 S.E.2d at 104 (citations omitted). The trial court found that the plaintiff's witness, Jack Coleman, had "extensive experience in real estate appraisals, including, but not limited to teaching . . . and that he qualifies as a good expert with regard to the valuation of the real property and his testimony was helpful . . . on the issue of the value of the subject real property." The court acted well within its discretion in choosing Mr. Coleman's separation date appraisal figure of $199,700.00. Accordingly, this assignment of error is overruled.

[3] We next consider whether the trial court erred in failing to award interest on the distributive award. Defendant claims that the court committed error in failing to provide for interest on the distributive award. Plaintiff argues that an interest award is not required by statute and that the decision rests within the sound discretion of the trial court. Plaintiff further argues that considering the short duration before payment was due (within 90 days of the date of entry of the judgment) and that the defendant was not required to deliver an executed deed releasing his rights in the marital residence until he received payment, the trial court did not commit reversible error by failing to award interest on the distributive award.

G.S. 50-20(e) provides that "[t]he court may provide for a distributive award to facilitate, effectuate or supplement a distribution of

MROZEK v. MROZEK

[129 N.C. App. 43 (1998)]

marital property." The General Statutes do not explicitly mention interest on distributive awards. This Court has recognized that "the structure and timing" of distributive awards lies "within the discretion of the trial judge." *Lawing*, 81 N.C. App. at 179, 344 S.E.2d at 113. Similarly, we hold that the decision of whether to order the payment of interest on a distributive award is one that lies within the discretion of the trial judge. Accordingly, we hold that the trial court did not err and abuse its discretion by failing to award interest.

[4] We next consider whether the trial court failed to consider post-separation appreciation in the value of the marital residence as a distributional factor. Defendant argues that although the judgment set out that the fair market value of the home on the date of judgment was $210,000.00, the judgment makes no reference that the court considered post-separation appreciation of the marital home as a distributional factor. Defendant points out that he presented evidence that the residence's value at the date of distribution was $250,000.00 and argues that it should have been used to determine the value of the residence at the date of distribution.

Plaintiff argues that the trial court did consider post-separation appreciation in the marital residence. Plaintiff points out that the trial court made specific findings both as to the value on the date of separation and the value on the date of trial. In its findings the court stated that it had considered and weighed all of the evidence presented as it related to the factors set out in G.S. 50-20(c).

The post-separation appreciation of marital property must be treated as a distributional factor under G.S. 50-20(c)(11a) or (12). *Truesdale v. Truesdale*, 89 N.C. App. 445, 448, 366 S.E.2d 512, 514 (1988). The trial court stated in its findings of fact that it had

> considered and weighed all of the evidence presented by the Plaintiff with respect to her request for unequal distribution as that evidence relates to the [distributional] factors in N.C. Gen. Stat. §50-20(c). The Court has also carefully considered and weighed all of the Defendant's evidence and his contentions in opposition to an unequal distribution and in favor of an equal distribution of the marital property.

" 'The purpose for the requirement of specific findings of fact that support the court's conclusions of law is to permit the appellate court on review 'to determine from the record whether the judgment—and

MROZEK v. MROZEK

[129 N.C. App. 43 (1998)]

the legal conclusions that underlie it—represent a correct application of the law." This only requires that the court make findings as to ultimate rather than evidentiary facts. The trial court is not required to recite in detail the evidence it considered in determining what division is equitable." *Chandler v. Chandler*, 108 N.C. App. 66, 71-72, 422 S.E.2d 587, 591 (1992) (citations omitted). While the trial court may have considered post-separation appreciation, its finding of fact that it had "considered and weighed all of the evidence . . . as that evidence relates to the [distributional] factors in N.C. Gen. Stat. §50-20(c)" is too general for effective appellate review. Accordingly, the order of the trial court is reversed and remanded for new findings of fact and entry of a new distributional order.

[5] We next consider whether the trial court erred in denying defendant's motions for new trial and to amend the judgment. Defendant claims that the court committed reversible error in denying their motions for new trial and to amend the judgment because there was new evidence, the plaintiff had made material misrepresentations, and there was significant appreciation in the value of the marital home from the date of trial and the date of the entry of the judgment. Among the misrepresentations defendant contends plaintiff made was the cost of road maintenance and the value of the marital home. Defendant also claims that there was new evidence as an appraisal done after trial but before the entry of judgment showed the marital residence was worth $250,000.00. We are not persuaded.

The trial court did not abuse its discretion in denying defendant's motions for a new trial or to amend the judgment. The plaintiff withheld no evidence. The misrepresentation alleged by defendant was a loan application for $225,000.00 made by plaintiff to refinance the mortgage on the marital residence. The property was subsequently appraised in conjunction with the application at a value of $250,000.00. The application and subsequent appraisal were made five months after trial and were irrelevant to the court's determination. The appraiser was selected by the credit union processing the loan application, not plaintiff, and plaintiff did not know at trial that the appraiser would be appraising the property in the future. Furthermore, the evidence was not new as the loan appraiser testified as an expert witness for the defendant at trial. The assignment of error is overruled.

[6] We consider last defendant's contention that the trial court erred in making an unequal distribution of the marital property. Defendant

MROZEK v. MROZEK

[129 N.C. App. 43 (1998)]

first argues that the trial court failed to take into consideration the efforts of defendant in the construction of the house. Second, defendant claims that the plaintiff is fully capable of full time employment and the court's finding otherwise is erroneous. Third, defendant argues that the court inappropriately considered custody of the minor children as a distributional factor. Finally, defendant argues that the trial court failed to consider as distributional factors changes that occurred after trial and prior to distribution.

Plaintiff argues that the trial court's findings were each supported by competent evidence and any one of the factors found by the trial court was sufficient to support its ruling that an unequal distribution in plaintiff's favor is an equitable distribution. Therefore, plaintiff maintains that there was no abuse of discretion.

"[T]he finding of a single distributional factor by the trial court under N.C. Gen. Stat. § 50-20(c)(1) to (12) may support an unequal division." *Cobb v. Cobb*, 107 N.C. App. 382, 387, 420 S.E.2d 212, 215 (1992) (citing *Andrews v. Andrews*, 79 N.C. App. 228, 338 S.E.2d 809, *disc. review denied*, 316 N.C. 730, 345 S.E.2d 385 (1986)). "The trial court's ruling may be overturned by the appellate court only if there is a clear abuse of discretion indicating the ruling 'was so arbitrary that it could not have been the result of a reasoned decision.' " *Hall v. Hall*, 88 N.C. App. 297, 309, 363 S.E.2d 189, 197 (1987) (citing *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985)).

The defendant has shown no abuse of discretion. The trial court determined that the plaintiff had established five grounds for an unequal equitable distribution, including the parties disparate income and future earning capacity, present and future pension benefits, the liquidity of the marital assets and tax consequences to each party, and plaintiff's mortgage payments. *See* G.S. 50-20(c)(1),(2),(5),(9),(11) and (11a). The findings were supported by competent evidence. Additionally, the trial court's consideration of which party had custody of the parties' children related to the need of plaintiff to occupy the marital residence, a proper consideration under G.S. 50-20(c)(4). Accordingly, we hold that the trial court's findings were sufficient to support its ruling of an unequal division.

In sum, we reverse the order of the court and remand for valuation of the marital debt and the entry of new findings of fact and a new distributional order. The remainder of the trial court's order is affirmed.

Affirmed in part, reversed and remanded in part.

Judge SMITH concurs.

Judge GREENE concurs with separate opinion.

Judge GREENE concurring.

I write separately to emphasize that on remand the trial court is required to enter an entirely new distributional order, after full consideration of the holdings of this Court. Although we hold that the previous "unequal distribution" was supported by findings in the record, we have determined that other errors committed require a new distributional order.