WADE MILLER, AND WIFE, JONAH MILLER; AND TONY FUTCH, AND WIFE, MABEL FUTCH, PLAINTIFFS v. KENNETH A. TALTON AND JOHN ARTHUR TALTON, DEFENDANTS

No. 9211SC611

(Filed 2 November 1993)

1. **Pleadings § 401 (NCI4th) — failure to plead affirmative defense of statute of limitations — pleadings deemed amended**

Although neither defendants' answer nor their motion for summary judgment referred to the affirmative defense of the statute of limitations, the record reflected that the issue was clearly before the trial court by implied consent, and the pleadings were deemed amended. N.C.G.S. § 1A-1, Rule 15(b).

**Am Jur 2d, Pleading §§ 308, 329, 330.**

2. **Estoppel § 13 (NCI4th) — damage from surface water drainage — defendants'· representations — plaintiffs' reliance on representations — equitable estoppel applicable — summary judgment based on statute of limitations inappropriate**

In an action for damages and injunctive relief based upon surface water and debris running off defendants' land onto plaintiffs' land, summary judgment for defendants based on the statute of limitations was inappropriate where plaintiffs asserted that defendants repeatedly promised to remedy the surface water drainage problems, that plaintiffs believed that defendants would keep their word and fix the problems, and in reliance on defendants' promises, plaintiffs delayed instituting legal action. If a jury believed plaintiffs' evidence concerning these promises, defendants' assertion of the statute of limitations in defense of the action would be wholly inconsistent with their previous representations, and the law of equitable estoppel would prevent them from relying on the statute of limitations as a bar.

**Am Jur 2d, Estoppel and Waiver §§ 26-34, 81, 82.**

**Estoppel to rely on statute of limitations. 24 ALR2d 1413.**

Appeal by plaintiffs from order entered 14 January 1992 by Judge Robert L. Farmer in Johnston County Superior Court. Heard in the Court of Appeals 12 May 1993.

## MILLER v. TALTON

[112 N.C. App. 484 (1993)]

This is a civil action for damages and injunctive relief alleging nuisance, trespass, and violation of the Sedimentation Pollution Control Act based upon surface water and debris running off defendants' land onto plaintiffs' land. Plaintiffs Tony and Mabel Futch are the owners of a one acre lot (the "Futch property") located on the Lizzie Street Extension in the Pine Level Township, Johnston County. Plaintiffs Wade and Jonah Miller are the owners of approximately six acres (the "Miller property") adjacent to the Futch property. Plaintiffs acquired their respective lands at various times in the 1960's. In 1978, defendant Kenneth A. Talton acquired approximately 125 acres adjoining the Futch and Miller properties, and, in January 1984, conveyed a one-half interest in the tract to his son, defendant John Arthur Talton.

Plaintiffs filed their complaint and summons was issued on 13 November 1989. On 9 January 1990, prior to any responsive pleading by defendants, plaintiffs filed an amended complaint alleging that at the time they acquired their property, a three to four foot drainage ditch existed on defendants' property which ran in a north-south direction behind plaintiffs' property. The ditch extended into the woodland towards Interstate 95 and the Moccasin Creek Watershed where it emptied surface water drained from defendants' property. Plaintiffs allege that defendants subsequently closed the ditch in 1985 or 1986 by filling it in and that near that same time, defendants installed underground tile in order to drain sub-surface waters. Additionally, plaintiffs allege, in the course of developing lots along the Lizzie Street Extension in 1987 or 1988, defendants graded the land and pushed the natural ground cover and soil to the back of the lots. Plaintiffs allege that defendants' acts of filling in the drainage ditch and the development of the lots along the Lizzie Street Extension unreasonably altered and increased the natural flow of the surface water resulting in the diversion of large amounts of water and debris onto plaintiffs' property, especially during and following periods of moderate or greater rains. Plaintiffs allege that defendants' failure to provide adequate drainage has substantially interfered with plaintiffs' use, possession and enjoyment of their lands.

Defendants answered, denying the material allegations of plaintiffs' amended complaint. Subsequently, on 24 August 1990, defendants filed a motion for leave to amend their answer to include a statute of limitations defense, based on their contention that the damage to plaintiffs' land occurred more than three years prior

to suit being filed. Defendants also moved for summary judgment. Although defendants' motion to amend was allowed by order dated 6 September 1990, defendants never filed an amendment to their answer to allege a statute of limitations defense. On 14 January 1992, the trial court granted defendants' motion for summary judgment and dismissed the action. Plaintiffs appealed.

*Armstrong & Armstrong, P.A., by Emery D. Ashley, for plaintiff-appellants.*

*Lucas, Bryant & Denning, P.A., by W. Robert Denning, III, and Robert V. Lucas, for defendant-appellees.*

MARTIN, Judge.

Plaintiffs' single assignment of error is directed to the entry of summary judgment dismissing their complaint. They argue first that the affirmative defense of the statute of limitations, having never been properly pleaded, was not before the trial court and could not, therefore, provide a basis for summary judgment. Secondly, they argue that even if defendants had properly asserted the statute of limitations as a defense, genuine issues of fact exist as to whether defendants are precluded by the doctrine of equitable estoppel from relying on the defense. We reject plaintiffs' first argument; however, because we find merit in their second argument, we must reverse.

The principles of law pertaining to summary judgment are well established. A party moving for summary judgment must demonstrate that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56; *Hagler v. Hagler*, 319 N.C. 287, 354 S.E.2d 228 (1987); *International Paper Co. v. Corporex Constrs., Inc.*, 96 N.C. App. 312, 385 S.E.2d 553 (1989). Summary judgment is a drastic measure which should be used with caution, *Williams v. Power & Light Co.*, 296 N.C. 400, 250 S.E.2d 255 (1979); *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E.2d 823 (1971), and awarded only where the truth is quite clear. *Lee v. Shor*, 10 N.C. App. 231, 178 S.E.2d 101 (1970). All of the evidence before the court must be construed in the light most favorable to the non-moving party. The slightest doubt as to the facts entitles the non-moving party to a trial. *Ballenger v. Crowell*, 38 N.C. App. 50, 247 S.E.2d 287 (1978). Where matters involving the credibility and weight of the evidence exist, summary judgment should ordinarily be denied.

*Burrow v. Westinghouse Electric Corp.*, 88 N.C. App. 347, 363 S.E.2d 215, *disc. review denied*, 322 N.C. 111, 367 S.E.2d 910 (1988).

[1]   Plaintiffs argue first that defendants' failure to formally amend their answer to affirmatively plead the statute of limitations constitutes a waiver of that defense. It is true that the statute of limitations is an affirmative defense required by G.S. § 1A-1, Rule 8(c) to be set forth affirmatively in a responsive pleading. However, while the failure to plead an affirmative defense ordinarily results in a waiver of the defense, the issue may still be raised by express or implied consent. *Nationwide Mut. Insur. Co. v. Edwards*, 67 N.C. App. 1, 312 S.E.2d 656 (1984), N.C. Gen. Stat. § 1A-1, Rule 15(b). Moreover, we have held that absent prejudice to plaintiff, an affirmative defense may be raised by a motion for summary judgment regardless of whether or not it was pleaded in the answer. *County of Rutherford, ex rel. Hedrick v. Whitener*, 100 N.C. App. 70, 394 S.E.2d 263 (1990). The affirmative defense relied upon should be referred to in the motion for summary judgment; however, in the absence of an expressed reference, if the affirmative defense was clearly before the trial court, the failure to expressly mention the defense in the motion will not bar the trial court from granting the motion on that ground. *Id.* This is especially true where the party opposing the motion has not been surprised and has had full opportunity to argue and present evidence. *Dickens v. Puryear*, 302 N.C. 437, 276 S.E.2d 325 (1981). "Thus, although it is better practice to require a formal amendment to the pleadings, unpleaded defenses, when raised by the evidence, should be considered in resolving a motion for summary judgment." *Ridings v. Ridings*, 55 N.C. App. 630, 632, 286 S.E.2d 614, 615-16, *disc. review denied*, 305 N.C. 586, 292 S.E.2d 571 (1982).

Although neither defendants' answer nor their motion for summary judgment referred to the affirmative defense of the statute of limitations, the record reflects that the issue was clearly before the trial court. In the order granting defendants leave to amend their answer, entered more than a year before summary judgment was granted, the court ordered that "defendants' Answer be amended to plead the defense of Statute of Limitations in bar to the trial of this cause." Plaintiffs were not surprised by the limitations defense and made no argument that they were prejudiced. The various depositions and affidavits offered in support of, and in opposition to, defendants' motion indicate that the limitations issue was before the court. Plaintiffs' affidavits also raised the issue

of equitable estoppel indicating that they perceived that a limitations defense was before the court. Thus, the statute of limitations was before the court by implied consent, and the pleadings are deemed amended.

**[2]** Plaintiffs argue next that the doctrine of equitable estoppel raises genuine issues of material fact as to whether defendants should be permitted to rely upon a statute of limitations defense. We agree.

The doctrine of equitable estoppel may be invoked to bar a defendant from relying upon the statute of limitations. *Duke University v. Stainback*, 320 N.C. 337, 357 S.E.2d 690 (1987). Equitable estoppel arises when an individual by his acts, representations, admissions or silence, when he has a duty to speak, intentionally or through culpable negligence, induces another to believe that certain facts exist and that other person rightfully relies on those facts to his detriment. *Carter v. Frank Shelton, Inc.*, 62 N.C. App. 378, 303 S.E.2d 184 (1983), *disc. review denied*, 310 N.C. 476, 312 S.E.2d 883 (1984). Neither fraud, intentional or unintentional, bad faith nor an intent to deceive are necessary to invoke the doctrine of equitable estoppel to prevent a defendant from relying on the statute of limitations. *Hensell v. Winslow*, 106 N.C. App. 285, 416 S.E.2d 426, *disc. review denied*, 332 N.C. 344, 421 S.E.2d 148 (1992); *Duke, supra*. When estoppel is based upon an affirmative representation and an inconsistent position subsequently taken, it is not necessary that the party to be estopped have any intent to mislead or deceive the party claiming the estoppel, or that the party to be estopped even be aware of the falsity of the representation when it was made. *Meacham v. Board of Educ.*, 59 N.C. App. 381, 297 S.E.2d 192 (1982), *disc review denied*, 307 N.C. 577, 299 S.E.2d 651 (1983). Estoppel principles depend on the facts of each case. *Mayer v. Mayer*, 66 N.C. App. 522, 311 S.E.2d 659, *disc. review denied*, 311 N.C. 760, 321 S.E.2d 140 (1984). In determining whether the doctrine applies, the conduct of both parties must be weighed in the balances of equity. *Peek v. Trust Co.*, 242 N.C. 1, 86 S.E.2d 745 (1955). If the evidence in a particular case raises a permissible inference that the elements of equitable estoppel are present, but other inferences may be drawn from contrary evidence, estoppel is a question of fact for the jury. *Meacham v. Board of Educ.*, 47 N.C. App. 271, 267 S.E.2d 349 (1980), *appeal after remand*, 59 N.C. App. 381, 297 S.E.2d 192 (1982), *disc review denied*, 307 N.C. 577, 299 S.E.2d 651 (1983).

In their deposition testimony and in their affidavits offered in opposition to defendants' motion for summary judgment, plaintiffs asserted that defendants repeatedly promised to remedy the surface water drainage problems, that plaintiffs believed that defendants would keep their word and fix the problems, and in reliance on defendants' promises, plaintiffs delayed instituting legal action. If a jury were to believe the plaintiffs' evidence concerning these promises, defendants' assertion of the statute of limitations in defense of the action would be wholly inconsistent with their previous representations, and the law of equitable estoppel would prevent them from relying on the statute of limitations as a bar. *See Parker v. Thompson-Arthur Paving Co.*, 100 N.C. App. 367, 396 S.E.2d 626 (1990). Additionally, the parties presented conflicting evidence, creating an issue of fact, as to when the actions complained of began to occur, and consequently, when the statute of limitations began to run. Therefore, summary judgment based on the statute of limitations is not appropriate. *Snyder v. Freeman*, 300 N.C. 204, 266 S.E.2d 593 (1980).

Reversed.

Chief Judge ARNOLD and Judge ORR concur.