73 F.3d 357
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Barney K. HUANG, Plaintiff-Appellant,
v.
Becky R. FRENCH; Thomas J. Ziko; Bruce R. Poulton; Board
of Governors of the University of North Carolina;
North Carolina State University,
Defendants-Appellees,
and
Troy A. DOBY; John N. Gregg, Defendants.
 No. 93-1314.
 United States Court of Appeals, Fourth Circuit.
 Argued July 12, 1993.
Decided Dec. 7, 1995.
 
 ARGUED: John Kirk Osborn, Chapel Hill, North Carolina; J. Matthew Martin, MARTIN, MARTIN & MARTIN, P.A., Hillsborough, North Carolina, for Appellant. Tiare Bowe Smiley, Special Deputy Attorney General, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees. ON BRIEF: Michael F. Easley, Attorney General of North Carolina, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees.
 Before ERVIN, Chief Judge, and BUTZNER and PHILLIPS, Senior Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Barney K. Huang, formerly a tenured professor at North Carolina State University (NCSU) brought this employment discrimination action in which he challenged his dismissal from the University faculty on numerous statutory and constitutional grounds. The district court granted summary judgment in favor of the defendants on each of Huang's theories of recovery. Huang appealed and we affirm the grant of summary judgment.
 
 I.
 A.
 
 2
 This is the latest in a series of civil and criminal actions involving Huang as a result of an inter-departmental transfer, criminal charges and finally his dismissal from the faculty of NCSU. The first lawsuit is reported in Huang v. Board of Governors of University of N.C., 902 F.2d 1134 (4th Cir.1990), where this court held inter alia, that Huang's inter-departmental transfer did not involve an infringement of a constitutionally protected property interest.
 
 
 3
 In June of 1988, Huang was charged with attempted second degree rape and assault on a female by Grace Li Wang. When he was ulti mately brought to trial, a jury acquitted him of the second-degree rape charge but found him guilty of assault on a female. Huang appealed his conviction to the North Carolina Court of Appeals, which overturned his conviction and granted him a new trial based on an improper allowance of expert testimony by the Superior Court. See State v. Huang, 394 S.E.2d 279, 283-4 (N.C.App.), disc rev. denied, 399 S.E.2d 127 (N.C.1990). At oral argument, we were informed by Huang's counsel that these criminal charges were ultimately dismissed.
 
 
 4
 At about the time Huang filed the present suit, he also filed a companion case in the state court, challenging his dismissal under the North Carolina Administrative Procedure Act, 150B N.C. Gen.Stat. Secs. 150B-1 to B-57 (1991 and Supp.1992), and asserting claims of breach of contract and intentional infliction of emotional distress. The trial court granted Huang's motion for summary judgment on the breach of contract claim and awarded summary judgment in favor of the defendants on the emotional distress claim. On appeal, however, the North Carolina Court of Appeals vacated the trial court's judgment on the ground that Huang's complaint should have been dismissed in its entirety for failure to exhaust administrative remedies. See Huang v. North Carolina State University, 421 S.E.2d 812, 815 (N.C.App.1992). After he exhausted his administrative remedies, the State trial court again heard the matter on Huang's appeal from the final administrative decisions of the Board of Governors of the University of North Carolina and North Carolina State University. The trial court reversed those final administrative decisions discharging Huang and ordered that Huang be reinstated to his former position with full back pay and benefits. The respondents then appealed to the North Carolina Court of Appeals, and a panel of that court, by a vote of 2 to 1, affirmed the decision of the trial court in favor of Huang. Dismissal Proceedings Against Huang, 431 S.E.2d 541 (N.C.App.1993). A subsequent appeal to the North Carolina Supreme Court resulted in an order reversing the decision of the Court of Appeals and remanding the matter for the entry of an order upholding the University's action. Matter of Dismissal Proceedings Against Huang, 441 S.E.2d 696 (N.C.1994) (per curiam).
 
 B.
 
 5
 Barney K. Huang, a naturalized citizen from Taiwan, instituted this action on June 21, 1991 challenging his dismissal as a tenured profes sor from the faculty of North Carolina State University. In his complaint, Huang asserted: (1) an equal protection claim under 42 USC Sec. 1983 and Article I, Section 19 of the North Carolina Constitution; (2) a discrimination and retaliation claim under Title VII of the Civil Rights Act of 1964, 42 USC Sec. 2000e-2(a) and 3(a); (3) a due process claim under both the Fourteenth Amendment to the Federal Constitution and Article I, Sections 1 and 19 of the North Carolina Constitution; (4) a free speech claim under the First Amendment to the Federal Constitution; and (5) an age discrimination claim under the Age Discrimination in Employment Act, 29 U.S.C. Secs. 621 et seq ("ADEA"). The district court held: (1) that Huang had agreed to the entry of summary judgment as to defendants Doby and Gregg; (2) that Huang's Title VII discrimination claims were time-barred by the 180 day statute of limitations for bringing a claim for administrative relief to the attention of the EEOC; (3) that Huang's discrimination claim under 42 USC Sec. 1983 should be dismissed because Huang had failed to prove discriminatory motive on the defendants' part; (4) that Huang's retaliatory discharge claim should be dismissed because Huang had failed to show a causal connection between his exercise of protected rights (i.e., the filing of an EEOC claim) and his discharge; (5) that Huang had failed to show how any of his rights to substantive and procedural due process under the Fourteenth Amendment, as defined respectively by the Federal Constitution and state law, had been violated by the conduct of the hearings that resulted in the recommendation of his discharge; and (6) that as a result of its rulings on Huang's federal law claims, it no longer had jurisdiction to entertain Huang's supplemental state-law claims, and dismissed them without prejudice.
 
 
 6
 The district court then granted the defendants' motion for summary judgment in all respects. Huang appealed to this court. He did not dispute that summary judgment was warranted as to his First Amendment and ADEA claims. He also conceded that summary judgment in favor of defendants Doby and Gregg was proper. Huang assigned error to only one of the district court's rulings. He contended that the district court erred in concluding that the conduct of the Faculty Hearing Committee which led to his ultimate discharge from the NCSU faculty did not deny him procedural and substantive due process rights as guaranteed by the Fourteenth Amendment.
 
 
 7
 At oral argument on July 12, 1993 we were advised of the July 6, 1993 decision of the North Carolina Court of Appeals and that the defendants would appeal from that ruling to the North Carolina Supreme Court. As a consequence we on July 21 entered an order placing this case in abeyance pending a decision by the Supreme Court of North Carolina. That decision was rendered on April 8, 1994. 441 S.E.2d 696. We then permitted the parties to file supplemental briefs addressing the preclusive effect of that Supreme Court decision.[1]
 
 II.
 
 8
 We have given due consideration to the briefs, supplemental briefs and arguments of the parties, and we affirm the judgment of the district court for the reasons set forth in its opinion. Huang v. French, et al., No. 91-393-CIV-5-BR. EDNC, January 11, 1993.
 
 AFFIRMED.[2]
 
 
 [1]
 It is likely that the decision by the North Carolina Supreme Court has no preclusive effect on the federal claims, see Davenport v. North Carolina Dept. of Transp., 3 F.3d 89 (4th Cir.1993); it may have some preclusive effect on an issue of fact, i.e., the issue of assault on Ms. Wang. We elect not to decide this appeal on that ground
 
 
 [2]
 The appellant's motion to file a corrected appendix is granted