BARNEY HUANG, Plaintiff v. THOMAS J. ZIKO, BECKY R. FRENCH, BRUCE R. POULTON, THE BOARD OF GOVERNORS OF THE UNIVERSITY OF NORTH CAROLINA AND CONSTITUENT INSTITUTION, NORTH CAROLINA STATE UNIVERSITY, Defendants

No. COA98-352

(Filed 16 February 1999)

### Statute of Limitations— tolling—federal action

The trial court did not err by allowing defendant's motion for summary judgment on the basis of the statute of limitations where plaintiff pursued through the state and federal courts claims arising from his dismissal as a university professor following charges of attempted second-degree rape and assault on a female; assuming that plaintiff's claims accrued when defendant Board affirmed his dismissal on 9 February 1990, plaintiff ordinarily would have had until 9 February 1993 to file his complaint in state court; plaintiff did not file his claim in state court until 22 May 1996 and his claims were time barred unless the statute of limitations was tolled; no statute or rule provides for the exclusion of the time during which the federal action was pending from the limitations period; and, because North Carolina has no applicable "grace period" longer than the thirty-day period set out in 28 U.S.C.A. § 1367, the statute of limitations was tolled while the federal action was pending and for thirty days thereafter. Plaintiff could have filed his complaint in state court at any time during the pendency of the federal action and up to thirty days after the United States Court of Appeals reached its decision on 7 December 1995.

Appeal by plaintiff from judgment entered 16 February 1998 by Judge Stafford G. Bullock in Wake County Superior Court. Heard in the Court of Appeals 25 January 1999.

*Kenneth N. Barnes for plaintiff-appellant.*

*Attorney General Michael F. Easley, by Special Deputy Attorney General David Roy Blackwell, for defendants-appellees.*

TIMMONS-GOODSON, Judge.

Prior to his dismissal, plaintiff was a tenured professor in the Department of Biological and Agricultural Engineering at North

Carolina State University (hereinafter "defendant University"). In June 1988, plaintiff was charged with attempted second-degree rape and assault on a female. On 14 July 1988, defendant Bruce R. Poulton, then chancellor of defendant University, issued a notice of intent to discharge letter to plaintiff suspending him from his duties and terminating his salary as of 1 January 1989. Plaintiff requested a hearing on his dismissal pursuant to the Code of the Board of Governors of the University of North Carolina (hereinafter "defendant Board").

Following a hearing and recommendation by a Faculty Hearing Committee that plaintiff be removed from the faculty, defendant Poulton dismissed plaintiff effective 7 February 1989. Plaintiff appealed to defendant University's Board of Trustees and, then, to defendant Board. Defendant Board ultimately affirmed the Board of Trustees' decision on 9 February 1990. Plaintiff appealed to the superior court, which reversed his dismissal. This Court affirmed the superior court's reversal of plaintiff's dismissal, but the Supreme Court reversed this Court's decision and upheld plaintiff's dismissal. *In re Dismissal of Huang*, 336 N.C. 67, 441 S.E.2d 696 (1994).

Prior to exhausting his administrative remedies, plaintiff filed a complaint in superior court against defendant University and defendant Poulton for breach of contract and intentional infliction of emotional distress. The trial court granted summary judgment for defendants on the emotional distress claim and for plaintiff on the contract claim. Defendants appealed to this Court, which reversed the trial court's summary judgment for plaintiff on the ground that he had an adequate remedy for breach of contract in the administrative appeal of his discharge. *Huang v. N.C. State University*, 107 N.C. App. 710, 421 S.E.2d 812 (1992).

On 21 June 1991, plaintiff filed a complaint in the United States District Court for the Eastern District of North Carolina against defendants Thomas J. Ziko, Becky R. French, Poulton, Board, and University. In the complaint, he alleged federal claims of civil rights violations, Title VII violations, free speech violations, and age discrimination. He alleged state claims of due process and equal protection. Defendants filed a motion for summary judgment.

On 11 January 1993, the United States District Court granted defendants' motion for summary judgment with respect to all federal claims. As to plaintiff's state claims, the court ruled as follows:

Because all the federal claims have been dismissed against defendants in this action, the court dismisses without prejudice the remaining pendent state claims plaintiff has asserted under the North Carolina Constitution. In view of this, the court is divested of jurisdiction to entertain these claims, and plaintiff is left to pursue these matters in state court.

Plaintiff appealed to the United States Court of Appeals for the Fourth Circuit. On 7 December 1995, the Court of Appeals affirmed the lower court's decision in an unpublished per curiam opinion. *Huang v. French*, 73 F.3d 357 (4th Cir. 1995). On 22 April 1996, the United States Supreme Court denied plaintiff's petition for a writ of certiorari. *Huang v. French*, 517 U.S. 1157, 134 L. Ed. 2d 649 (1996).

On 22 May 1996, plaintiff filed a complaint in the superior court seeking compensatory and punitive damages from defendants for breach of contract, due process violations, malicious prosecution, intentional infliction of emotional distress, civil conspiracy, and constructive fraud. Defendants subsequently filed an answer that included a motion to dismiss and alternative motion for summary judgment. Defendants asserted as an affirmative defense that each of plaintiff's claims was barred by a three-year statute of limitations.

On 16 February 1998, the trial court granted defendants' motion for summary judgment. The trial court ruled that "[t]he statute of limitations bars each and every one of the Plaintiff's claims." Plaintiff appeals.

Plaintiff argues that the trial court erred by granting defendants' motion for summary judgment. He contends that the statute of limitations had not run at the time he filed his complaint. We disagree.

The parties agree that each of plaintiff's claims was subject to a three-year statute of limitations. Assuming *arguendo* that plaintiff's claims accrued when defendant Board affirmed his dismissal on 9 February 1990, plaintiff ordinarily would have had until 9 February 1993 to file his complaint in state court. Because plaintiff did not file his complaint in state court until 22 May 1996, his claims were time-barred, unless the statute of limitations was tolled.

As the parties recognize, "filing an action in federal court which is based on state substantive law . . . toll[s] the statute of limitations while that action is pending." *Clark v. Velsicol Chemical Corp.*, 110 N.C. App. 803, 808, 431 S.E.2d 227, 229 (1993), *aff'd per curiam*, 336 N.C. 599, 444 S.E.2d 223 (1994). The parties agree that plaintiff's fed-

eral action was no longer pending for the purpose of tolling the statute of limitations when the United States Court of Appeals reached its decision on 7 December 1995. *See Clark*, 110 N.C. App. 803, 431 S.E.2d 227 (holding that because a petition for writ of certiorari to the United States Supreme Court is not an appeal of right, the federal action is not alive for the purpose of tolling the statute of limitations while a decision to allow or deny such a petition is pending). However, the parties disagree as to whether plaintiff had additional time to file his complaint in state court after the United States Court of Appeals reached its decision.

Plaintiff contends that once the federal action was no longer pending, the time for filing his complaint in state court should have been extended for the portion of the three-year limitations period that had not been used when he filed the federal action. Since less than a year and a half had passed when plaintiff filed his federal action, he would have had more than a year and a half after 7 December 1995 to file his complaint in state court.

Plaintiff's contention is untenable. The rule which plaintiff would have this Court adopt is contrary to the policy in favor of prompt prosecution of legal claims. Furthermore, such a rule is contrary to the general rule that "[i]n the absence of statute, a party cannot deduct from the period of the statute of limitations applicable to his case the time consumed by the pendency of an action in which he sought to have the matter adjudicated, but which was dismissed without prejudice as to him[.]" 51 Am. Jur. 2d *Limitation of Actions* § 311 (1970). In this case, no statute or rule provides for the exclusion of the time during which the federal action was pending from the limitations period.

We likewise find unpersuasive defendants' contention that the statute of limitations was tolled only until the United States Court of Appeals reached its decision and that plaintiff had no additional time to file his complaint in state court. We believe the question presented by this appeal is controlled by 28 U.S.C.A. § 1367 (1993). *See Kolani v. Gluska*, 75 Cal. Rptr. 2d 257 (1998); *Roden v. Wright*, 611 So. 2d 333 (Ala. 1992). That federal statute provides that when a federal district court has original jurisdiction over a civil action it may also exercise "pendent" or "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C.A. § 1367(a). A federal district court may decline to exercise supplemental jurisdiction over a claim if it "has dismissed all claims over

which it has original jurisdiction[.]" 28 U.S.C.A. § 1367(c)(3). The statute further provides that the period of limitations for any supplemental claim "shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C.A. § 1367(d). Since the claims now asserted by plaintiff were supplemental claims dismissed by the United States District Court, he was entitled to thirty additional days to file his complaint in state court after the United States Court of Appeals reached its decision, unless some state statute provided for a longer period of time.

Rule 41(b) of the North Carolina Rules of Civil Procedure provides a savings provision for claims that have been involuntarily dismissed:

> If the court specifies that the dismissal of an action commenced within the time prescribed therefor, or any claim therein, is without prejudice, it may also specify in its order that a new action based on the same claim may be commenced within one year or less after such dismissal.

N.C. Gen. Stat. § 1A-1, Rule 41(b) (1990). Assuming *arguendo* that Rule 41(b) could apply in this case, the United States District Court did not specify in its order that a new action based on the same claims could be commenced within one year after the dismissal. *See Bockweg v. Anderson*, 328 N.C. 436, 402 S.E.2d 627 (1991). Therefore, the time for plaintiff to file his complaint in state court was not extended for an additional year.

Because North Carolina has no applicable "grace period" longer than the thirty-day period set out in 28 U.S.C.A. § 1367, the statute of limitations was tolled while the federal action was pending and for thirty days thereafter. Plaintiff could have filed his complaint in state court at any time during the pendency of the federal action and up to thirty days after the United States Court of Appeals reached its decision on 7 December 1995. Plaintiff's complaint, filed on 22 May 1996, was not timely filed, and the trial court did not err by allowing defendants' motion for summary judgment.

The summary judgment entered by the trial court is affirmed.

Affirmed.

Judges GREENE and HUNTER concur.