Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission affirms the Order of Dismissal of the Deputy Commissioner.
 ***********
Based upon a review of the pleadings and documents filed herein, the Full Commission finds and concludes as follows:
1. Plaintiff is currently an inmate of the North Carolina Department of Correction. While incarcerated by the State of North Carolina, plaintiff sustained a finger and wrist injury on 15 October 1995, while temporarily housed at the Great Plains Correctional Facility in Hinton, Oklahoma.
2. Plaintiff timely filed a claim before the United States District Court for the Western District of Oklahoma, alleging negligent and inadequate medical treatment regarding his injury. By Order filed on 21 October 1998, plaintiffs claim in federal court was denied.
3. On 4 December 1998, plaintiff filed a claim with the Industrial Commission pursuant to the Tort Claims Act, alleging negligence on the part of various officials of both the North Carolina and Oklahoma Departments of Corrections.
4. By affidavit filed with the Industrial Commission on 11 December 2000, plaintiff affirmed that he received the Order of the United States District Court for the Western District of Oklahoma denying his claim on 2 November 1998.
5. Pursuant to 28 U.S.C.A. 1367, the statute of limitations for plaintiffs claim under the Tort Claims Act is tolled during the pendency of his federal claim, and for an additional thirty days thereafter.Harter v. Vernon, N.C. App., 532 S.E.2d 836 (2000).
6. As more than thirty days elapsed between plaintiffs receipt of the denial of his claim in federal court and the filing of his claim before the Commission, plaintiffs claim was untimely filed and subject to dismissal. N.C. Gen. Stat. 143.299.
7. Further, it appearing that at the time of his injury, plaintiff was employed by the Oklahoma Department of Corrections and was earning wages, his exclusive remedy is under the Workers Compensation Act. N.C. Gen. Stat. 97-10.1. The Act applies to prisoners, and if the results of plaintiffs injury continue until after the date of his lawful discharge from the Department of Correction, he will have up to one year from the date of his release from prison to file a workers compensation claim. N.C. Gen. Stat. 97-13(c).
 ***********
IT IS THEREFORE ORDERED that
1. Plaintiffs claim under the Tort Claims Act must be and is hereby dismissed.
2. Each side shall pay its own costs.
This the ___ day of April, 2001.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_______________ LAURA K. MAVRETIC COMMISSIONER
 S/______________ RENE C. RIGGSBEE COMMISSIONER