GEER, Judge
concurring.
I concur fully with the majority opinion - we are bound by Harter v. Vernon, 139 N.C. App. 85, 532 S.E.2d 836, disc. review denied, 353 N.C. 263, 546 S.E.2d 97 (2000), cert. denied, 532 U.S. 1022, 149 L. Ed. 2d 757, 121 S. Ct. 1962 (2001), and Huang v. Ziko, 132 N.C. App. 358, 511 S.E.2d 305 (1999). While the result is especially unfortunate given that plaintiff bears no responsibility for the belated filing and given that the complaint barely missed the 30-day deadline, the law has been clearly established in North Carolina for 15 years.
As the California Supreme Court noted a month ago in City of Los Angeles v. County of Kern, 59 Cal. 4th 618, 627, 174 Cal. Rptr. 3d 67, 73, 328 P.3d 56, 61 (2014), “[reasonable jurists can and do differ over the best understanding of [28 U.S.C. § 1367(d)], one whose text lacks an indisputable plain meaning.” Because of the profound split in authority that has developed regarding the proper construction of § 1367(d) and the consequences to parties who misinterpret the statute, it is regrettable that neither the United States Supreme Court nor the North Carolina Supreme Court has seen fit to address this issue. Perhaps the City of Los Angeles opinion will prompt the United States Supreme Court to take up the issue and, if not, perhaps our Supreme Court will do so, as urged by Judge Hunter’s concurring opinion.
HUNTER, JR., Robert N., Judge,
concurring.
I concur with the majority in the result. This panel is bound by this Court’s decisions Harter and Huang and therefore must affirm the *55 trial court’s dismissal of Plaintiff’s complaint on statute of limitations grounds. However, I write separately because I agree with Plaintiff that our interpretation of 28 U.S.C. § 1367(d) in Harter and Huang are in conflict with recent persuasive federal authority and authority from other states interpreting the meaning of “tolling,” both as a general matter and as used specifically in 28 U.S.C. § 1367(d). For example, since our decisions in Harter and Huang, the Sixth Circuit Court of Appeals has addressed this issue directly and held that 28 U.S.C. § 1367(d) suspends the running of the statute of limitations period while the federal court is considering the claim and for thirty days after the claim is dismissed. In re Vertrue Inc. Mktg. & Sales Practices Litig., 719 F.3d 474, 481 (6th Cir. 2013) (“We are persuaded that the suspension approach properly gives effect to both § 1367(d) and the state statute of limitations.”). Given the importance of this question and our state’s conflict with the only federal circuit court that has considered this issue, I would urge the Supreme Court of North Carolina to review this question and resolve the conflict between this persuasive federal precedent and our state’s case law.