JOSEPH H. CARDWELL, Administrator of THOMAS F. M. COYLE, *v.* WILLIAM MEBANE, JOHN H. COYLE and others.

" Tax lists" are not admissible for the purpose of proving the truth of facts therein set out. "Tax lists" as an independent fact, when relevant, are admissible as evidence of such fact; and in repelling a charge of fraud resting among other circumstances on the allegation, that the pretended price paid for a tract of land exceeded very much its value, *it is competent* to prove the fact that it was entered at a certain value on the "tax lists."

PETITION before the Clerk of the Superior Court of ROCKINGHAM county, by the plaintiff as administrator of Thomas F. M. Coyle, for a license to sell the land described in the petition, situate in said county, and to make the proceeds assets to pay the debts of his intestate.

The defendants, John H. Coyle and Cornelius Coyle, sons of the plaintiff's intestate, presented their affidavit, claiming

said land as conveyed to them by deed upon a valuable consideration, and upon filing said affidavit, the said John H. Coyle and Cornelius Coyle were admitted to defend; and thereupon, the plaintiff filed his affidavit, alleging that the deed made by his intestate to defendants, John H. Coyle and Cornelius Coyle, was made with intention to defraud his creditors, and with a knowledge of such intention on the part of said defendants. And an issue of title having been joined between the said Joseph H. Cardwell, Administrator aforesaid, plaintiff, and the said John H. Coyle and Cornelius Coyle, defendants, ·the cause was put upon the docket for trial at the next Term of the Superior Court. of said county, and was tried before his Honor, *A. W. Tourgee*, at ROCKINGHAM Superior Court, Fall Term, 1872.

On the trial, the plaintiff offered evidence to show that whilst the deed recited a consideration of $5,000 paid for the land, the land had never been rated in market at more than $3,000, and that the defendants, John H. Coyle and Cornelius Coyle, had themselves offered to sell the same for $3,500.

In explanation of this, the said defendants made oath that they had paid five thousand dollars in money, as recited in the deed; that their father, the grantor, asked them that sum, and they thought it was worth that amount; that they lived in Florida at the time of the purchase and had not seen the land afterwards; and upon hearing from their agent in Rockingham county that this and all lands were dull of sale and could not be sold at the price they had paid, they instructed their agent to sell at $3,500. The defendants, John H. Coyle and Cornelius Coyle, in support of this defence, " offered to show what the value of the land was at and before the making of the deed and also before the war, by lists of assessments for taxable purposes. The plaintiff objected to this and the Court sustained the objection," and excluded the evidence. Defendants excepted.

Verdict and judgment for plaintiff. Appeal by defendants.

*Scales & Scales,* for plaintiff.
*Dillard, Gilmer & Smith,* for defendants.

PEARSON, C. J.   The " tax lists" were not competent evidence to show the value of the land, as the assessors were not witnesses in the case, sworn and subject to cross-examination in the presence of the jury.   So his Honor committed no error in rejecting the " tax lists " as inadmissible for the purpose of proving the truth of the matter therein set out.   But we are of opinion that the " tax lists" ought to have been admitted in another view of the subject.   " Every fact " is admissible in evidence, provided it be relevant ; for illustration, a record, *i. e.,* the fact of there being such a record, is evidence against the world, but it only imports absolute verity of its contents, as against parties and privies ; all others are heard to say " *res inter alias acta.*"

In regard to the " tax lists," it is a *fact* that the tract of land had been assessed at $5,000, and the question is as to the relevancy of that fact.   These young men say " our father asked us $5,000 for the land, being away out in Florida."   We paid him the money and took a deed from him and our mother, the same being duly, legally and in good faith conveyed for the consideration named in said deed ;" and in reply to the suggestion that the pretence of having paid $5,000 for the land " runs over the mark," for that in fact the land was not worth more than $3,000 ; they offer to show, as a matter of fact speaking for itself, that by the tax lists, at the date of the deed and before the war, the land was assessed at the value of $5,000, which fact, they urge, is relevant to show, probable cause on their part to believe, that the land was of that value as represented by their father, and is explanatory of the circumstance that they paid that price, confiding in the representation of their father.

In support of this view it may be said, an insurance agent

on our wishing to invest money on mortgage, looks to the tax lists as a means of information ; for property is seldom assessed too high. The mere fact that this land was entered on the tax lists as of the value of $5,000 is evidence against everybody of that fact, and we are of opinion that in repelling a charge of fraud resting among other circumstances on the allegation that the pretended price paid exceeded very much the value of the land, the defendants ought to have been allowed to prove this fact, to pass for what it was worth in the estimation of the jury.

Error.

PER CURIAM.                                        *Venire de novo.*