CRAVEN COUNTY AND THE CITY OF NEW BERN v. CLAUD C. HALL AND WIFE, GUYOLA ARTHUR HALL

No. 873SC128

(Filed 6 October 1987)

1. Eminent Domain § 6.4— tax valuations of condemned property—admission against county

    Evidence of real property valuations made by a county for ad valorem tax purposes was admissible against the county in an eminent domain proceeding as an admission of a party opponent even though the valuations had not yet become effective on the date the condemnation complaint was filed.

Craven County v. Hall

**2. Eminent Domain § 6.6— value—opinion testimony by landowners' son**

The trial court in a condemnation proceeding erred in refusing to permit defendant landowners' son to testify as to his opinion of the fair market value of defendants' entire property before the condemnation and of the remainder after the condemnation where the witness exhibited a great deal of familiarity with the property in question and testified that he was familiar with neighboring properties and the values of those properties and other tracts of similar size in the general area of the county.

APPEAL by defendants from *Small, Judge*. Judgment entered 4 September 1986 in Superior Court, CRAVEN County. Heard in the Court of Appeals 22 September 1987.

On 6 September 1985, plaintiffs filed a complaint, pursuant to the provisions of Chapter 40A of the North Carolina General Statutes, to acquire by condemnation a portion of defendants' 175.68 acre tract of land located in Craven County. The property to be taken, consisting of a 30.76 acre tract located along Brices Creek, a 1.22 acre island in Brices Creek, and the right of way of a proposed road known as the "Quick Trip" Road, was sought by plaintiffs for a clear zone approach to Runway No. 4 at the Simmons-Nott Airport in New Bern. Defendants filed an answer which did not challenge plaintiffs' right to condemn the property, but sought only a determination of just compensation for the taking.

A jury awarded defendants $87,450.00 as just compensation for the condemned property. From a judgment entered upon the verdict, defendants have appealed.

*Sumrell, Sugg & Carmichael, by James R. Sugg and Rudolph A. Ashton, III; and Dunn and Dunn, by Raymond Dunn and Raymond E. Dunn, Jr., for plaintiffs-appellees.*

*Sam L. Whitehurst, Jr., for defendants-appellants.*

MARTIN, Judge.

Defendants bring forward two assignments of error in this appeal. They contend that the trial court erred by excluding evidence of Craven County's appraisal of a portion of their property for ad valorem tax purposes, and by excluding the opinion testimony of their son as to the value of the subject property. Both contentions have merit.

[1]  Defendants first assign error to the trial court's ruling *in limine* excluding evidence of the assessed value of the subject property for ad valorem tax purposes. On 22 April 1981, defendants recorded in the office of the Register of Deeds of Craven County a map of a subdivision, known as the "Ladies Knee" subdivision. The subdivision initially consisted of four lots, comprising approximately 2.27 acres, situated within the 30.76 acre tract condemned by plaintiffs. The four lots were subsequently listed for ad valorem tax purposes separately from defendants' larger tract. In the fall of 1985, defendants were notified by plaintiff Craven County that the four lots had been appraised at $19,000.00 each for ad valorem tax purposes, effective 1 January 1986. The property was never actually taxed at this value because, as of 1 January 1986, title had been acquired by plaintiffs and the property was, therefore, exempt from taxation. G.S. 105-278.1(b)(2) & (3). Defendants sought, but were not permitted, to introduce the notice of revaluation as evidence of the fair market value of the lots. Defendants should have been allowed to present this evidence to the jury.

Ad valorem tax records have historically been held incompetent as evidence of value of real property. *Star Mfg. Co. v. Atlantic Coast Line R.R.*, 222 N.C. 330, 23 S.E. 2d 32 (1942); *Bunn v. Harris*, 216 N.C. 366, 5 S.E. 2d 149 (1939). In *R.R. v. Land Co.*, 137 N.C. 330, 49 S.E. 350 (1904), the plaintiff sought to introduce the tax list to show the value of the land condemned for a railroad right of way. The Supreme Court upheld the exclusion of the tax list for that purpose and stated the reason for the rule as follows:

> Where the mere listing of the land is the act sought to be shown, the tax lists are admissible, because the lister is the actor; but the rule is essentially different where the value of the land is sought to be proved thereby, because the valuation is the act of the assessors, and therefore *res inter alios acta* as between the parties to this proceeding. As was said by the Court, through *Pearson, C.J.*, in *Cardwell v. Mebane*, 68 N.C. 485: "The 'tax lists' were not competent evidence to show the value of the land, as the assessors were not witnesses in the case, sworn and subject to cross-examination in the presence of the jury."

*R.R. v. Land Co., supra*, at 332-33, 49 S.E. at 351. *See also Bunn, supra; Peterson v. Tidewater Power Co.*, 183 N.C. 243, 111 S.E. 8 (1922); *Hamilton v. Seaboard Air Line Railway Co.*, 150 N.C. 193, 63 S.E. 730 (1909). The rule is different with respect to the admissibility of tax records to prove the value of personal property; in such cases the records have been held admissible. *Star Mfg. Co. v. Atlantic Coast Line R.R., supra.*

> The difference in the rule with regard to the competency of the tax list as to the value of real estate and the value of personal property doubtless has its origin in the fact that the owner is required by the Machinery Acts to list his real estate by acreage, dimensions or other physical description, together with location, while he is required to list the "amount and value" of his personal property. In real estate listments the value is fixed by the tax authorities; in personal property listments the value is fixed, or, at least, "given in" by the owner, hence the values in the former would not be statements made by the owner in contradiction of subsequent statements made by him at variance therewith, they being *res inter alios acta*, whereas in the latter the reverse would be true.

*Id.* at 332-33, 23 S.E. 2d at 36.

In the present case, the valuation of defendants' real property for ad valorem tax purposes is not *res inter alios acta* as between the plaintiff Craven County and defendants because the act of fixing the value of defendants' property was performed by the county through its agents. Therefore, the traditional reason for excluding the tax records as evidence of value is not present in this case.

"Statements of a party to an action, spoken or written, have long been admissible against that party as an admission if it is relevant to the issues and not subject to some specific exclusionary statute or rule. This is still the case under the new Rules of Evidence." *Karp v. University of North Carolina*, 78 N.C. App. 214, 216, 336 S.E. 2d 640, 641 (1985) (citations omitted). G.S. 8C-1, Rule 801(d) provides in pertinent part: "A statement is admissible as an exception to the hearsay rule if it is offered against a party and it is . . . a statement by his agent or servant concerning a matter within the scope of his agency or employment, made dur-

ing the existence of the relationship . . . ." The instant case falls squarely within this exception.

We note that valuations for ad valorem tax purposes are required by law to reflect, as nearly as possible, the "true market value" of the property. G.S. 105-283. The Rules of Evidence, and, in our view, fundamental fairness, allow defendants to present to the jury evidence of the value that plaintiff Craven County placed upon part of the condemned land. Therefore, we hold that evidence of real property valuations made by the county for ad valorem tax purposes are admissible against the county in an eminent domain proceeding as an admission of a party opponent.

Plaintiffs argue that the tax valuations are not relevant because they were to be effective on 1 January 1986, rather than on the date plaintiffs filed the complaint for condemnation, which is the date upon which the fair market value of the property must be determined. Their argument has no merit. The effective date of the revaluation of the property's fair market value for tax purposes was reasonably close in time to the condemnation. "In determining the fair market value of property taken in condemnation, it is generally regarded as competent to show the value of the property within a reasonable time before and/or after the taking as bearing upon its value at the time of the appropriation." *Highway Comm. v. Hartley*, 218 N.C. 438, 440, 11 S.E. 2d 314, 315 (1940).

[2] Defendants also contend that the trial court erred when it refused to allow their witness, Claud C. Hall, Jr., to testify as to his opinion of the fair market value of defendants' entire property before the condemnation and of the remainder after the condemnation. "Even though not an expert, a witness who has knowledge of value gained from experience, information and observation may give his opinion of the value of specific real property with which he is familiar." *Huff v. Thornton*, 287 N.C. 1, 6, 213 S.E. 2d 198, 202 (1975). It is required only that the witness have such knowledge and experience and such familiarity with the property to be valued as will enable him to intelligently estimate its value. *Knott v. Washington Housing Authority*, 70 N.C. App. 95, 318 S.E. 2d 861 (1984). In the instant case, the witness, who was the defendants' son, exhibited a great deal of familiarity with the property in question. He also testified that he was familiar with neighbor-

ing properties, and was "familiar with the values of those properties as well as other tracts of similar size in the general area in Craven County[.]" This court has previously held that the son of a landowner, although he had no training in appraisal, and although he had neither bought nor sold land in the vicinity, was nevertheless competent to give an opinion as to the value of the land due to his familiarity with it. *Highway Comm. v. Fry,* 6 N.C. App. 370, 170 S.E. 2d 91 (1969). Thus, we hold that defendants' son should have been permitted to give his opinion as to the value of the property before and after the condemnation.

Defendants are entitled to a new trial on the issue of just compensation for the taking of their property.

New trial.

Judges WELLS and EAGLES concur.