DILLON, Judge.
 

 *549
 
 Allen Edwards ("Husband") appeals from an equitable distribution order. For the following reasons, we affirm in part and reverse and remand in part.
 

 *550
 
 I. Background
 

 Husband and Christine Edwards ("Wife") were married in 1989, separated in 2012, and were divorced in 2013. Mr. and Ms. Edwards had one child during their marriage, Brandon Edwards.
 
 [1]
 

 This appeal concerns the equitable distribution of (1) two parcels of real property (one located on St. Mary Church Road and the other on Pointer Lane) and (2) the rental value of both properties during the period of separation.
 

 In its equitable distribution order and judgment, the trial court assigned a net fair market value of $193,195 to the property on St. Mary Church Road and a net fair market value of $109,439 to the property on Pointer Lane. Further, the trial court found that Husband exclusively possessed these properties during the period of separation (approximately 36 months) and that the total fair market rental value of the properties during this period was $72,000 for the entire period ($2,000/month). The trial court distributed this fair market rental value to Husband as divisible property.
 

 Following entry of the trial court's equitable distribution order, Husband timely appealed.
 

 *825
 
 II. Standard of Review
 

 In an equitable distribution proceeding, "the trial court is to determine the net fair market value of [a] property based on the evidence offered by the parties."
 
 Fitzgerald v. Fitzgerald
 
 ,
 
 161 N.C.App. 414
 
 , 419,
 
 588 S.E.2d 517
 
 , 521 (2003). "A trial court's findings of fact in an equitable distribution case are conclusive if supported by any competent evidence."
 

 Id.
 

 "The mere existence of conflicting evidence or discrepancies in evidence will not justify reversal."
 
 Mrozek v. Mrozek
 
 ,
 
 129 N.C.App. 43
 
 , 48,
 
 496 S.E.2d 836
 
 , 840 (1998).
 

 III. Analysis
 

 A. Fair Market Value of St. Mary Church Road Property
 

 Husband first argues that the trial court's use of the tax value in calculating the fair market value of the St. Mary Church Road property constituted an abuse of discretion. We disagree. Based on well-established
 
 *551
 
 Supreme Court precedent, although a real property's tax value is generally not competent to establish the value of the real property, it may be considered by the fact-finder if its introduction is not properly objected to.
 

 Marital property is valued as of the date of separation,
 
 Davis v. Davis
 
 ,
 
 360 N.C. 518
 
 , 526-27,
 
 631 S.E.2d 114
 
 , 120 (2006), which, in this case, was in 2012.
 

 At trial, Husband presented the expert opinion of a real estate appraiser that the value of the St. Mary Church Road property was $61,000
 
 as of the time of trial
 
 in 2015. Wife presented Wilson County tax records showing that the tax value of the property was determined to be $193,195
 
 as of January 1, 2008
 
 . After considering this evidence, the trial court found that the fair market value of the St. Mary Church Road property on the date of separation was $193,195, the same amount as the tax value assigned to the property.
 

 Our Supreme Court has held that ad valorem tax records are not competent to establish the market value of real property.
 
 Star Mfg. Co. v. Atlantic Coast Line R.R.
 
 ,
 
 222 N.C. 330
 
 , 332-33,
 
 23 S.E.2d 32
 
 , 36 (1942) ;
 
 Bunn v. Harris
 
 ,
 
 216 N.C. 366
 
 , 373,
 
 5 S.E.2d 149
 
 , 153 (1939) ;
 
 Hamilton v. Seaboard
 
 ,
 
 150 N.C. 193
 
 , 194,
 
 63 S.E. 730
 
 , 730 (1909) ;
 
 Cardwell v. Mebane
 
 ,
 
 68 N.C. 485
 
 , 487 (1873) ("The 'tax lists' [are] not competent evidence to show the value of the land[.]");
 
 [2]
 

 see also
 

 Craven County v. Hall
 
 ,
 
 87 N.C.App. 256
 
 , 258,
 
 360 S.E.2d 479
 
 , 480 (1987). This is so because "in the valuation of [ ] land, for taxation, the owner is not consulted. ... It is well understood that it is the custom of the assessors to fix a uniform, rather than an actual, valuation."
 
 Bunn
 
 ,
 
 216 N.C. at 373
 
 ,
 
 5 S.E.2d at 153
 
 . Further, "the assessors were not witnesses in the case, sworn and subject to cross-examination in the presence of the [fact-finder]."
 
 Cardwell,
 

 68 N.C. at 487
 
 .
 
 See also
 

 Suffolk & C. R. Co. v. West End Land & Imp. Co.
 
 ,
 
 137 N.C. 330
 
 , 332-33,
 
 49 S.E. 350
 
 , 351 (1904).
 
 [3]
 

 However, Husband did not object at trial to Wife's introduction of the ad valorem tax value of the St. Mary Church Road property. And our Supreme Court has long held that "it is a well established rule
 
 *552
 
 that evidence admitted without objection, though it should have been excluded had proper objection been made, is entitled to be considered for whatever probative value it may have."
 
 Quick v. United Ben. Life Ins. Co.
 
 ,
 
 287 N.C. 47
 
 , 59,
 
 213 S.E.2d 563
 
 , 570 (1975). In a fuller explanation of this rule, our Supreme Court has stated:
 

 It is generally recognized in this jurisdiction that evidence admitted without objection is properly considered by the court in determining the sufficiency of the evidence and by the jury in determining the issue, even though the evidence is incompetent
 
 *826
 
 and should have been excluded had objection been made. ... The objection to the admission of this evidence must be made at the time of its introduction, and where testimony sufficient to establish a fact at issue has been received in evidence without objection, a nonsuit cannot be sustained even if the only evidence tending to establish the disputed fact is incompetent.
 

 Reeves v. Hill
 
 ,
 
 272 N.C. 352
 
 , 362,
 
 158 S.E.2d 529
 
 , 537 (1968) (internal marks and citations omitted);
 
 see also
 

 Jackson v. N.C. Dept. of Commerce
 
 , --- N.C. App. ----, ----,
 
 775 S.E.2d 687
 
 , 689 (2015).
 

 Here, the trial court's finding regarding the fair market value of the St. Mary Church Road property was supported by the property tax report submitted by Wife with no objection from Husband. Therefore, we affirm the trial court's valuation of the property.
 
 See
 

 Mrozek
 
 ,
 
 129 N.C.App. at 48
 
 ,
 
 496 S.E.2d at 840
 
 .
 

 B. Fair Market Rental Value
 

 Husband's second argument relates to the trial court's calculation of the fair market rental value of the properties during the 36-month period of separation. Wife concedes that Husband is correct in his argument.
 

 For the St. Mary Church Road property, the trial court imputed and distributed a fair market rental value of $43,200 to Husband based on a fair rental value of $1,200 per month
 
 times
 
 36 months. Husband argues that the trial court's findings concerning the fair market value is not supported by competent evidence, and Wife makes no argument to the contrary. Rather, the parties agree that the proper calculation should be the actual amount of rent received by Husband during this period
 
 minus
 
 the expenses paid by Husband for the upkeep of the property during this period. The parties concede that competent evidence in the record shows that Husband received gross rental income of $15,200 during the period of separation and that the matter should be remanded in
 
 *553
 
 order to allow the trial court to determine what reduction in this value, if any, Husband is entitled to for the $6,833 he claims he expended for the upkeep of the property during the period of separation. Accordingly, we reverse and remand the trial court's valuation of this divisible property as set forth in the Conclusion.
 
 See
 
 N.C. R. App. P., Rule 28.
 

 For the Pointer Lane property, the trial court imputed and distributed a fair market rental value of $28,800 ($800/month) to Husband. Husband testified that in his opinion, a fair market rental value for the Pointer Lane property would be approximately $800 per month. Husband further testified that the parties' son was occupying Pointer Lane and was not paying rent. Wife testified that their son was paying approximately $300 per month. On appeal, Husband argues that the trial court abused its discretion in valuing this divisible property at $28,800. Wife makes no argument to support the trial court's valuation, but rather concedes that their adult son lived at Pointer Lane during the relevant time period and that the imputed rental value should only be the amount Husband actually received. We note that the trial court made no findings to show its reasoning in using a fair rental value number when the parties' son was living in the property. We further note that there is conflicting evidence in the record as to how much rent, if any, Husband actually received. Accordingly, we reverse and remand this valuation, as set forth in the Conclusion.
 
 See
 
 N.C. R. App. P., Rule 28.
 

 IV. Conclusion
 

 The trial court's valuation of the St. Mary Church Road property based on the tax value evidence is affirmed. Though tax value evidence is generally not competent to prove value, the evidence offered by Wife was not objected to and could therefore be considered by the trial court in its valuation of the St. Mary Church Road property.
 

 The trial court's valuation of certain divisible property-namely, the rental value of the St. Mary Church Road and Pointer Lane properties during the period of separation-is reversed and remanded. On remand, the trial court shall determine the rental value of the St. Mary Church Road property at the rent actually received by Husband (which the parties concede to be $15,200.00)
 
 minus
 
 Husband's expenses as allowed by the trial court. The trial court shall determine the rental
 
 *827
 
 value of the Pointer Lane property based on the rent actually received by Husband
 
 minus
 
 any expenses paid by Husband as allowed by the trial court. In doing so, the trial court shall make findings concerning Husband's expenses for both properties and may, in its discretion, receive additional evidence if necessary. Finally, after the trial court has re-valued
 
 *554
 
 this divisible property, the trial court may redistribute any marital and divisible property to achieve an equitable distribution.
 

 AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
 

 Judges ELMORE and HUNTER, JR., concur.
 

 [1]
 

 Brandon Edwards was added to this action as a third-party Defendant because he held title to certain property that could have been classified as marital property. He is not a party to this appeal and has not submitted any documents to this Court.
 

 [2]
 

 Authored by Richmond Mumford Pearson, who served as North Carolina's Chief Justice from 1858-1878. Justice Pearson was our first popularly elected Chief Justice, first elected in 1868.
 

 [3]
 

 We note that our Court has previously stated that "the
 
 ad valorem
 
 tax value assessed by a county
 
 is
 
 [ ] allowed as evidence of the value of real property."
 
 Clay v. Monroe
 
 ,
 
 189 N.C.App. 482
 
 , 487,
 
 658 S.E.2d 532
 
 , 536 (2008) (emphasis added);
 
 see also
 

 Brock v. Stone
 
 ,
 
 203 N.C.App. 135
 
 , 136,
 
 691 S.E.2d 37
 
 , 39 (2010). However, we are compelled to follow precedent from our Supreme Court on this issue.