IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-304

Filed 21 January 2026

Watauga County, No. 22CVD000007-940

JAMES LAWRENCE, Plaintiff,

v.

MARY ANN LAWRENCE and MARY ANN LAWRENCE AS TRUSTEE FOR MARY ANN LAWRENCE TRUST, Defendants.

Appeal by Defendants from judgment and order entered 13 November 2023 and order entered 21 May 2024 by Judge Hal G. Harrison in Watauga County District Court. Heard in the Court of Appeals 15 October 2025.

*Deal Moseley Di Santi Garrett & Martin, LLP, by Chelsea Bell Garrett and Bryan P. Martin, for Defendants-Appellants.*

*Miller & Johnson, PLLC, by Andrea M. Miller, for Plaintiff-Appellee.*

COLLINS, Judge.

Mary Ann Lawrence and Mary Ann Lawrence as trustee for Mary Ann Lawrence Trust (collectively, "Defendant") appeal from an equitable distribution judgment and order ("ED order") and an order denying her motion to amend the ED order. Defendant argues that the trial court erred by failing to distribute the marital portion of bank accounts associated with Plaintiff John Lawrence's construction company and that the trial court's valuation of a Florida residence was not supported by competent evidence. We affirm in part, reverse in part, and remand for further

proceedings.

## I.    Background

Plaintiff and Defendant were married in March 1999, separated in July 2021, and divorced in May 2023.  Plaintiff filed a complaint for equitable distribution in January 2022.  At the time they separated, the parties owned two marital assets at issue here: (1) the James M. Lawrence Construction, LLC, ("company"); and (2) a residence located in Cape Coral, Florida ("residence").  In the final pretrial order, the parties stipulated that the company and the residence were marital property but did not stipulate to the value of either asset.  The case came on for a bench trial in August 2023.

## A. Company valuation

Two company bank accounts contained a total of $273,869.30, which included money the company had already earned as well as money it was holding in trust for clients for overhead and material costs.  Of the $273,869.30, it is undisputed that $98,843.09 had been earned as of the date of separation and was therefore marital funds.

Plaintiff's expert valued the company at $62,591.57 and expressly did not include the company bank accounts in his valuation.  Defendant's expert valued the company at $323,000.

## B. Residence valuation

On 28 September 2022, Hurricane Ian made landfall in Florida, damaging the

residence. Defendant recovered $105,094.38 in insurance proceeds to repair the residence and, at the time of trial, was still litigating over an additional $20,000.

Plaintiff's expert valued the residence at $840,000 in December 2021 and $900,000 in May 2022. Plaintiff's expert opined that the damage to the residence would not decrease its value from his last appraisal of $900,000 because "values have pretty much remained the same due to the influx of people moving to Florida from up north, which is causing the prices in Florida to increase dramatically."

Defendant's expert valued the residence at $545,000 in February 2021, $596,000 in July 2021, and $485,000 in November 2022.

**C. ED order**

The trial court entered the ED order on 13 November 2023. The trial court adopted Plaintiff's expert's $62,591.57 valuation of the company. The ED order does not separately distribute the $98,843.09 in marital funds contained in the business accounts, nor does it state that those funds were included in the company valuation. The decretal chart assigns the company to Plaintiff at his expert's value, but the chart does not list the bank accounts as separate items.

The trial court also adopted Plaintiff's expert's $900,000 valuation of the residence and found Defendant's expert not credible. The decretal chart assigns sole ownership of the residence to Defendant.

Defendant filed a motion to amend the findings of fact and judgment on 27 November 2023. The trial court denied this motion on 21 May 2024. Defendant

timely appealed both the ED order and the order denying the motion to amend.

## II.  Discussion

Defendant argues that the trial court erred by failing to distribute the marital portion of the bank accounts associated with the company and that the trial court's valuation of the residence was not supported by competent evidence.

### A.  Standard of review

"[T]he trial court is vested with wide discretion" in cases of equitable distribution. *Edwards v. Edwards*, 152 N.C. App. 185, 187 (2002) (quotation marks and citation omitted).  "Accordingly, the trial court's judgment will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision." *Id.* (quotation marks and citation omitted).

"A trial court's findings of fact in an equitable distribution case are conclusive if supported by any competent evidence." *Edwards v. Edwards*, 251 N.C. App. 549, 550 (2017).  "In an equitable distribution proceeding, the trial court is to determine the net fair market value of a property based on the evidence offered by the parties." *Id.* (cleaned up).  "Questions of witness credibility . . . are exclusively within the province of the trial court" and are binding on appeal when supported by competent evidence. *Watkins v. Watkins*, 228 N.C. App. 548, 558 (2013).  "The mere existence of conflicting evidence or discrepancies in evidence will not justify reversal." *Edwards*, 251 N.C. App. at 550.

### B.  Company bank accounts

Defendant argues that the trial court erred by failing to distribute the $98,843.09 in marital funds contained in the two company bank accounts or, in the alternative, that the trial court's valuation of the company was erroneous because Plaintiff's expert's valuation did not take into account the $98,843.09 in marital funds.

When making an equitable distribution between parties, "the trial court must conduct a three-step analysis: (1) determin[e] which property is marital property; (2) calculat[e] the net value of the marital property . . . and, (3) distribut[e] the property in an equitable manner." *Hamby v. Hamby*, 143 N.C. App. 635, 638 (2001). The failure to distribute a marital asset is reversible error. *See id.*

The trial court made the following findings of fact:

> 118. As of the date of separation, the Plaintiff's business accounts had the following values:
>
> . . . .
>
> > b. First Citizens Account ending 5459: $26,226.91; and
> >
> > c. First Citizens Account ending 5483: $247,642.39
>
> . . . .
>
> 122. Plaintiff's cash on hand that was earned was $98,843.09. The amount of money that belongs to the projects being completed at 322 and 268 Hemlock are $176,838.97 and, therefore, should not be considered in valuing Plaintiff's business.
>
> . . . .

126. Based upon his appraisal of James Construction, LLC, [Plaintiff's expert] valued the business around the date of separation to be $62,591.57.

Here, it is undisputed that the company maintained two business checking accounts. It is also undisputed that, as of the date of separation, $98,843.09 in those accounts represented earned income and therefore marital property. The trial court adopted the valuation of Plaintiff's expert, who did not expressly include the business bank accounts in his valuation. On direct examination, Plaintiff's expert was asked, "When you were creating this valuation, did you ignore the amount of money that his business had on hand in cash at the time?" Plaintiff's expert responded, "Yes." The trial court then distributed the company to Plaintiff at his expert's value of $62,591.57.

The ED order does not separately distribute the $98,843.09 in marital funds contained in the business accounts, nor does it state that those funds were included in the company valuation. The decretal chart awards the company to Plaintiff at his expert's value but does not list the bank accounts as separate items.

The trial court's findings acknowledge the existence of the business accounts and the marital portion of those funds. Yet the trial court adopted a valuation method that excluded the accounts and then failed to distribute the accounts separately.

Plaintiff argues that distributing the company necessarily distributed all assets of the business, including the accounts. That argument is inconsistent with the trial court's findings and with the valuation it adopted. If the trial court accepted

a valuation that excluded the accounts, it could not simultaneously treat the accounts as included.

Because the trial court failed to distribute $98,843.09 in marital funds, we reverse the ED order on this issue. For these same reasons, the trial court erred by denying Plaintiff's motion to amend the ED order on this issue.

## C. The residence

Defendant next argues that the trial court's findings of fact as to the value of the residence are not supported by competent evidence. Defendant specifically argues that Plaintiff's expert's valuation of the residence was not competent because the expert did not re-appraise the residence after it was damaged by Hurricane Ian.

The trial court made the following findings of fact:

> 67. The home is in a very desirable area and the market in that area has appreciated rapidly.
>
> 68. Both parties' expert real estate appraisers testified as to their opinion as to the fair market value of the property. Each appraiser considered the sales comparison approach, the income approach, and the cost approach. Both appraisers utilized the sales comparison approach in their final valuations.
>
> . . . .
>
> 70. [Plaintiff's expert] conducted three (3) appraisals of the home, one on 11/5/2021, one on 12/10/2021, and one on 5/23/2022.
>
> . . . .
>
> 77. On 28 September 2022, Hurricane Ian caused total devastation in some areas in the Cape Coral area.

78. [Plaintiff's expert] opined that while the hurricane caused some slow down in the market, the values and desirability in the area have remained the same due to the demand from people moving south and less inventory.

. . . .

87. [Defendant's expert] has been found in violation by the governing board of appraisers for failing to exercise reasonable diligence in developing an appraisal report.

. . . .

91. Various other judgments have been entered against [Defendant's expert] for non payment of debts, including foreclosure proceedings. [Defendant's expert], instead of answering the question was evasive and blamed his ex wife on those various judgments.

92. [Defendant's expert] is not a credible expert witness and this court attaches no credibility to his opinion on values.

. . . .

97. [The] Court finds that while Hurricane Ian likely initially decreased the value of the home, the market is such that any diminution of value is negligible given the desirability of the area and market appreciation. Further, Defendant testified that most of the repairs have been made to the property from the insurance proceeds.

98. The Court adopts the opinion of [Plaintiff's expert's] value of the property and therefore finds that the marital/divisible value of the Cape Coral residence is $900,000.00. While the value is as of 23 May 2022, this Court finds $900,000.00 to be an accurate value as of the date of this hearing given the market and testimony of [Plaintiff's expert] as to the minimal impact Hurricane Ian has on current values.

Plaintiff's expert specifically addressed the effect of Hurricane Ian on the

property market and the value of the residence. The fact that Plaintiff's expert did not re-appraise the property after Hurricane Ian goes to the weight rather than the competence of his testimony. *See Grasty v. Grasty*, 125 N.C. App. 736, 739 (1997). The trial court found Plaintiff's expert to be credible and accepted his valuation.

The trial court found Defendant's expert not to be credible and attached no weight to his opinion on values. Credibility determinations are the exclusive province of the trial court and are binding on appeal when supported by competent evidence. *Watkins*, 228 N.C. App. at 558. The record contains ample evidence supporting the trial court's credibility finding.

The trial court considered all the evidence before it and exercised its discretion in adopting Plaintiff's expert's valuation. The trial court's findings of fact are supported by competent evidence, and Defendant's argument to the contrary is overruled. For these same reasons, the trial court did not err by denying Plaintiff's motion to amend the ED order on this issue.

### III.    Conclusion

We reverse the portion of the ED order and the order denying the motion to amend the ED order addressing the marital funds in the company bank accounts and remand for the trial court to distribute the marital portion of the company bank accounts and, if necessary, adjust the distributive award. We affirm the ED order and the order denying the motion to amend the ED order addressing the trial court's valuation of the residence.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

Judges GORE and STADING concur.